880

James C. Birtch, pro se (Wm. A. Denham, pro se, on the brief).

Wayne T. Brooks, Asst. U. S. Atty., of Wheeling, W. Va. (C. Lee Spillers, U. S. Atty., of Wheeling, W. Va., on the brief), for appellee.

Before PARKER and DOBIE, Circuit Judges, and CHESNUT, District Judge.

PER CURIAM.

Appellants Birtch and Denham were indicted in the court below under two indictments, found under 18 U.S.C.A. §§ 415 and 418a, one charging violation of the National Stolen Property Act, and the other conspiracy to violate that act. After trial had been commenced under the indictment charging the substantive offense, they withdrew their pleas of not guilty in both cases, and, upon entering pleas of guilty, were given sentences of ten years in each case to run concurrently. After they had been imprisoned under the sentences in Leavenworth penitentiary they sought release under writs of habeas corpus before District Judge Helvering; and his order denying the discharge was affirmed by the Circuit Court of Appeals of the 10th Circuit in an opinion in which the facts of the case are fully set forth. See Birtch et al. v. Hunter, 10 Cir., 158 F.2d 134, certiorari denied 331 U.S. 825, 67 S.Ct. 1314.

After the denial of their petition for release under habeas corpus, appellants filed in the court below a motion to vacate the judgments against them and the sentences under which they were imprisoned and asked that the judge who had tried them disqualify himself from passing upon the motion. The grounds of the motion to vacate were that no sufficient proof had been offered of the substantive crime charged and that the evidence taken in the habeas corpus hearing showed that no basis existed for the finding of the conspiracy indictment. The trial judge properly declined to disqualify himself and proceeded with the hearing of the motion, as it was his duty to do. Morse v. Lewis, 4 Cir., 54 F.2d 1027, 1031. The motion was properly denied, since a motion of this sort may not be used to review the proceedings of the trial as upon appeal or writ of error, but merely to test their validity when judged upon the face of the record or by constitutional

standards. See Lucas v. United States, 4 Cir., 158 F.2d 865, 866; Barber v. United States, 4 Cir., 142 F.2d 805, 807; Ong v. United States, 4 Cir., 131 F.2d 175.

Affirmed

## BERNARD v. BRADY, Warden.
### No. 5652.

Circuit Court of Appeals, Fourth Circuit.

Dec. 5, 1947.

Writ of Certiorari Denied Jan. 19, 1948.
See 68 S.Ct. 386.

Clarence B. Bernard, pro se.

J. Edgar Harvey, Asst. Atty. Gen., of Maryland (Hall Hammond, Atty. Gen., of Maryland, on the brief), for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from a denial of a writ of habeas corpus on an informal application filed by appellant, who is imprisoned under the judgment of a state court, having been convicted of participating in a riot at the Maryland House of Correction. The District Judge denied relief on the ground that the petition did not show a denial of federal constitutional rights in the state trial. Petitioner was allowed to appeal to this court in forma pauperis but obtained no certificate of probable cause for an appeal as required by 28 U.S.C.A. § 466.

The appeal must be dismissed for failure of appellant to obtain the certificate of probable cause required by the statute. We have carefully examined his petition, however, and find that it is without merit. What he seeks is to review the action of the state trial court on the ground that he was convicted without evidence and that the punishment imposed subjected him to double jeopardy in view of the treatment he received while imprisoned prior to trial. It is well settled that habeas corpus cannot be used as a writ of error to review the proceedings of the trial court. Wright v. Brady, 4 Cir., 129 F.2d 109. There is an additional ground for holding that the petition to the court below was properly dismissed. It appears that appellant had filed in a Maryland state court a petition for habeas corpus asking relief on practically the same grounds as set forth in the petition to the District Judge and that this petition had been passed upon and held by the Court of Appeals of Maryland not to entitle appellant to relief. Bernard v. Warden, Md., 49 A.2d 737, 739. Two petitions for habeas corpus had been filed with and