**HOWELL v. UNITED STATES.**

**No. 5824.**

United States Court of Appeals Fourth Circuit.

Jan. 24, 1949.

J. Raymond Gordon, of Charleston, W. Va., for appellant.

A. Garnett Thompson, Asst. U. S. Atty., of Charleston, W. Va. (Leslie E. Given, U. S. Atty., of Charleston, W. Va., on the brief), for appellee.

Before PARKER, Chief Judge, DOBIE, Circuit Judge, and HENDERSON, District Judge.

PARKER, Chief Judge.

In December 1940, the appellant Howell was tried and convicted in the court below of the crime of bank robbery and was sentenced to a term of twenty years imprisonment to commence at the end of another sentence he was then serving in the federal penitentiary at Leavenworth, Kansas. He was represented by counsel of his own choosing at this trial; but on June 24, 1948, the sentence imposed upon him was held void by the United States District Judge for the District of Kansas in a habeas corpus proceeding, on the ground that counsel were not present when sentence was pronounced. An order was entered that he be delivered to the marshal of the court below to the end that further proceedings might be had in his case; and the judge below resentenced him to a term of twenty years in prison, subject to credit for the time already served upon the original sentence. From that judgment he has appealed to this court.

Three questions are presented by the appeal: (1) whether all the proceedings of the original trial were rendered void by reason of the invalidity of the sentence so that the court below was without power to enter the sentence appealed from; (2) whether the original trial was a nullity because of a denial of due process; and (3) whether the judge below erred in denying appellant's motion for a new trial on the ground of newly discovered evidence. We think that all these questions should be answered in the negative.

On the first question, it is clear that appellant was represented by counsel

of his own choosing and employment throughout the trial before the jury and also at the hearing of a motion made to set aside the verdict and grant a new trial. The judge in the habeas corpus proceeding so found; and he found also that there was no denial of due process in the trial. He held the sentence void solely on the ground that counsel for defendant were not present when sentence was pronounced. Assuming without deciding that this was correct as a matter of fact and furnished sufficient ground for holding the sentence void, it is perfectly clear that it could not have affected the proceedings prior to sentence, and that, a verdict of guilty having been rendered against appellant and his motion to set aside the verdict and grant a new trial having been denied, there was no reason why the court should not proceed to judgment and pronounce sentence. Absence of counsel might invalidate the proceedings had in their absence, but certainly not proceedings had and made a matter of record while they were present and participating. A void sentence does not invalidate a prior adjudication of guilt properly had; but, on the contrary, such adjudication furnishes a basis for the imposition of a valid sentence when the invalidity of the sentence imposed is called to the attention of the court. 15 Am.Jur. 132; De Benque v. United States, 66 App. D.C. 36, 85 F.2d 202, 106 A.L.R. 839; Ruben v. Welch, 4 Cir., 159 F.2d 493, 494. In the case last cited we held void an indeterminate sentence imposed in the District of Columbia and directed that the prisoner be returned to the sentencing court in order that a valid sentence might be imposed upon him, saying:

"The law in effect at the time of the commission of the crime for which the appellant was sentenced provided for the imposition of a definite sentence. The sentence imposed is accordingly void; but this does not mean that appellant is entitled to be released on habeas corpus. He should be held and remanded to the custody of the United States Marshal for the District of Columbia to be returned to the court by which he was tried in order that proper sentence may be imposed upon him.

De Benque v. United States, 66 App.D.C. 36, 85 F.2d 202, 106 A.L.R. 839."

There is nothing in the record before us to warrant a holding that appellant was denied due process in the trial which resulted in his conviction. The matter was fully considered by Judge Mellott in the habeas corpus proceeding and nothing in the record there and nothing called to our attention here tends to show that appellant was denied upon his trial the rights guaranteed him by the Constitution. He complains that he was not given process for the production of documents and that a woman prisoner in Alderson was not produced under a writ of habeas corpus ad testificandum which he had issued. No complaint on this score was made at the trial, however, and it is shown conclusively that the woman prisoner was not produced only because appellant's counsel so directed. Furthermore, all of appellant's complaints relate to matters which, if based upon fact, should have been called to the attention of the court at the trial and made the subject of timely appeal from its judgment, not raised by habeas corpus or by a motion questioning collaterally the validity of the proceedings leading to conviction. It is elementary that neither habeas corpus nor motion in the nature of application for writ of error coram nobis can be availed of in lieu of writ of error or appeal, to correct errors committed in the course of a trial, even though such errors relate to constitutional rights. It is only when there has been the denial of the substance of a fair trial that the validity of the proceedings may be thus collaterally attacked or questioned by motion in the nature of petition for writ of error coram nobis or under 28 U.S.C.A. 2255. Birtch v. United States, 4 Cir., 164 F.2d 880; Pifer v. United States, 4 Cir., 158 F.2d 867; Eury v. Huff, 4 Cir., 141 F.2d 554; Sanderlin v. Smyth, 4 Cir., 138 F.2d 729; United States v. Brady, 4 Cir., 133 F.2d 476, 481.

The motion for new trial on the ground of newly discovered evidence cannot avail appellant. In the first place, it was not made in time. Under the old

216

practice it was required that such motion be made before the expiration of the term of court at which the trial was had. United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129; Horne v. United States, 4 Cir., 51 F.2d 66. Under the Criminal Rules it must be made "only before or within two years after final judgment". Rules of Criminal Procedure, rule 33, 18 U.S.C.A. Final judgment was entered in the case in December 1940 and the motion was not made until after that judgment had been held void in the habeas corpus proceeding, more than seven years later. It is argued that, since the original judgment was held void, the time limit applies only with respect to the new judgment and sentence; but we do not think that the intention of the rule was to extend the time for making the motion because of a defect in the judgment. A void judgment equally with a valid one would meet the purpose of the rule, which was to fix the time after trial within which the motion should be made; and there would be no sense in permitting the motion after the time so fixed merely because the sentence as entered was technically invalid. This conclusion is strengthened by the fact that, as originally proposed, the rule permitted the motion to be made at any time and that a similar motion, likewise without time limit was provided for alleged deprivation of constitutional rights. The Supreme Court eliminated the latter motion altogether from the rule and prescribed the two year limitation for the motion grounded on newly discovered evidence. See New York University of Law, Institute Proceedings, pp. 206, 230. This not only shows a deliberate intention to limit to two years the time within which a new trial may be asked on the ground of newly discovered evidence, but also negatives any intention to equate this procedure with that having relation to relief for the deprivation of constitutional rights, which if it amounted to a denial of due process might be made the subject of motion in the nature of application for writ of error coram nobis at any time. See Roberts v. United States, 4 Cir., 158 F.2d 150.

In the second place, the motion for new trial was one addressed to the sound discretion of the District Judge, and his action thereon is not subject to review except in case of abuse. Rakes v. United States, 4 Cir., 163 F.2d 771; United States v. Prettyman, 4 Cir., 142 F.2d 891; Fairmont Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 53 S.Ct. 252, 77 L.Ed. 439; 39 Am.Jur. 164-165; 2 Am.Jur. 907-911. The District Judge, being of opinion that he had power to entertain the motion even at this late day, went into the matter very fully and carefully appraised the newly discovered evidence upon which appellant relies. We agree with him that it furnishes no basis for granting a new trial. At the best it was nothing more than flimsy cumulative evidence in support of the alibi upon which appellant relied at the trial. It could not have affected the result in view of the positive identification of appellant by a number of witnesses who saw him engaged in the robbery.

This case affords another example of the abuse of habeas corpus which section 2255 of Revised Title 28 of the Judicial Code, 28 U.S.C.A., is intended to prevent. That section, which did not become effective until after the habeas corpus proceedings before Judge Mellott were had, requires that attacks on the validity of a sentence ordinarily be made, not through habeas corpus proceedings in the district where the prisoner may happen to be imprisoned, but by motion in the trial court, where the circumstances of the trial are known and can be adequately established of record. Had that procedure been followed in this case and the facts been developed as they were in the court below, it would have appeared that there was no sufficient basis for holding that counsel for appellant were not present when sentence was pronounced. Certainly the presumption of regularity attaching to the proceedings of the court could not be held to have been overcome by the oath of a convicted felon supported by what amounts to no more than a denial of recollection by his lawyers as to the sentencing of their client in their absence, a most unusual thing which, if it had occurred, they would most certainly have remembered. As it is, the time of the Kansas court as well as the time of the court below and this court has been wasted

and a prisoner convicted of crime of the most serious character has been allowed a vacation of several months from the service of his sentence in the penitentiary.

The judgment and sentence appealed from will be affirmed.

Affirmed.