**BIRTCH v. UNITED STATES (two cases).**
Nos. 5858, 5859.

United States Court of Appeals
Fourth Circuit.

March 9, 1949.

James C. Birtch, pro se, for appellant.

D. Paul Camilletti, Asst. U. S. Atty., of Wheeling, W. Va. (C. Lee Spillers, U. S. Atty., of Wheeling, W. Va., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

These are further attacks upon the judgments and sentences under which appellant is imprisoned, and which were before the Court of Appeals of the Tenth Circuit in Birtch et al. v. Hunter, 10 Cir., 158 F.2d 134, certiorari denied 331 U.S. 825, 67 S.Ct. 1314; 91 L.Ed. 1841, and before this Court in Birtch et al. v. United States, 4 Cir., 164 F.2d 880, certiorari denied 333 U.S. 848, 68 S.Ct. 651, rehearing denied 333 U.S. 870, 68 S.Ct. 785. The present appeals are from orders denying motions made under 28 U.S.C.A. § 2255; but we think that they are entirely without merit. It is true of motions made under this section, as we held of motions in the nature of applications for writs of error coram nobis under the prior practice in the appeal before us, that they "may not be used to review the proceedings of the trial as upon appeal or writ of error, but merely to test their validity when judged upon the face of the record or by constitutional standards." See also Howell v. United States, 4 Cir., 1949, 172 F.2d 213.

Relief under 28 U.S.C.A. § 2255 may be granted only where it appears "that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." It should be borne in mind that the purpose of the section was not to enlarge the class of attacks which may be made upon a judgment of conviction, but to provide that the attack must be made in the court where the sentence was imposed and not in some other court through resort to habeas corpus, unless it appears that the remedy by motion is inadequate.

Appellant complains because the court did not make findings of fact and con-

clusions of law on his motion; but this is not required where it conclusively appears, from the face of the motion and the files and records of the case, as it does here, that the prisoner is entitled to no relief. Furthermore, it is clear that, in view of the motion which we reviewed in 164 F.2d 880, the question as to whether the judge below should entertain a second motion relating to the same matter was a matter committed to his sound discretion by express provision of the statute.

For the reasons stated, the orders dismissing the motion will be affirmed.