UNITED STATES of America, Appellee,

v.

**Darris WHITE, Jr., Appellant.**

No. 76–2000.

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1977.

Decided July 11, 1977.

David R. Freeman, Federal Public Defender and Ronald L. Hall, Asst. Federal Public Defender, Kansas City, Mo., for appellant.

Bert C. Hurn, U. S. Atty. and Stuart J. Newman, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before BRIGHT, STEPHENSON and HENLEY, Circuit Judges.

STEPHENSON, Circuit Judge.

Darris White, Jr. appeals from the district court's[1] denial of his motion for a new trial based on the ground of newly discovered evidence. The sole issue in this appeal is whether the motion was timely. Having decided that it was not, we affirm.

In 1971 White was convicted of aiding and abetting in the commission of a bank robbery in violation of 18 U.S.C. §§ 2, 2113(a) and (d), and was sentenced to 25 years' imprisonment. His conviction was affirmed on appeal. *United States v. White*, 451 F.2d 351 (8th Cir. 1971), *cert. denied*, 406 U.S. 923, 92 S.Ct. 1790, 32 L.Ed.2d 123 (1972).

In July 1974, following the Supreme Court's decision in *Dorszynski v. United States*, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974), White filed a motion to vacate or correct his sentence pursuant to 28 U.S.C. § 2255 on the ground that the sentencing court failed to make an explicit finding that he would not benefit from treatment under the Federal Youth Corrections Act. *See* 18 U.S.C. § 5010(d). On October 30, 1974, the district court granted the motion, vacated the sentence, and directed that White be returned to the court for resentencing. On December 6, 1974, after making an explicit finding that White would not benefit from treatment under the Youth Corrections Act, the district court reimposed a sentence of 25 years.

On April 18, 1975, White filed a motion for a new trial based on the ground of newly discovered evidence. The motion states that Johnny Ray Sodie, who testified against White at trial, has recanted his testimony. Without reaching the merits, the district court denied the motion on the basis that it was untimely. The court held that the two-year limitation period allowed for motions filed under Fed.R.Crim.P. 33 commenced running on February 14, 1972, the date of this court's mandate of affirmance of his conviction, and did not begin to run anew upon White's resentencing following the vacation of his sentence.

Appellant contends the motion was timely since it was filed within two years from the resentencing conducted on December 6, 1974. We disagree. Fed.R.Crim.P. 33 states that a motion for new trial based on the ground of newly discovered evidence "may be made only before or within two years after *final judgment* * * *" (emphasis added). When an appeal is taken, the date of "final judgment" is the time when the appellate process is terminated. *See, e. g., United States v. Granza*, 427 F.2d 184, 185 n.3 (5th Cir. 1970); *Smith v. United States*, 109 U.S.App.D.C. 28, 283 F.2d 607, 610 (1960) (Bazelon, J., concurring); *Harrison v. United States*, 191 F.2d 874, 875–76 (5th Cir. 1951). White did not file his motion until April 18, 1975, more than three years after the affirmance of his conviction and the issuance of this court's mandate on February 14, 1972. Subsequently, the district court vacated White's sentence, but the finality of his conviction remained undisturbed. White was merely resentenced in accordance with the guidelines established by the Supreme Court in *Dorszynski*.

---

1. The Honorable Elmo B. Hunter, United States District Judge for the Western District of Missouri.

The specific question presented in this appeal has been considered previously by the Fourth Circuit in *Howell v. United States*, 172 F.2d 213, 215–16 (4th Cir.), *cert. denied*, 337 U.S. 906, 69 S.Ct. 1048, 93 L.Ed. 1718 (1949). Howell was convicted of bank robbery and sentenced to 20 years' imprisonment. In habeas corpus proceedings initiated more than seven years after his conviction, Howell's sentence was pronounced void for the reason that his counsel was not present at the sentencing. Within two years, Howell then filed a motion for new trial based on newly discovered evidence. The Fourth Circuit held that the motion was untimely because it was filed more than two years after the date of conviction. The court observed that "there would be no sense in permitting the motion after the time so fixed merely because the sentence as entered was technically invalid." *Id.* at 216.[2] The holding reached in *Howell* is persuasive.

We conclude that White's new trial motion, filed more than three years after the termination of his direct appeal, was untimely. The purpose behind the two-year limitation embodied in Rule 33 is to cut off claims concerning the question of guilt or innocence at a certain time after trial. To allow such a motion at this late date solely because White was resentenced would circumvent the purpose behind the rule.

Affirmed.

---

**2.** In *Howell* the Fourth Circuit also considered the merits of the new trial motion and found that it presented nothing more than "flimsy cumulative evidence." The court determined that the trial court did not commit an abuse of discretion in denying the motion. 172 F.2d at 216.