**UNITED STATES of America, Appellee,**

v.

**Bayard SPECTOR, Appellant.**

**No. 89–1948.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 23, 1989.

Decided Nov. 3, 1989.

Thomas M. Dawson, Leavenworth, Kan., for appellant.

Debra E. Herzog, St. Louis, Mo., for appellee.

Before BOWMAN and WOLLMAN, Circuit Judges, and HEANEY, Senior Circuit Judge.

PER CURIAM.

Bayard Spector appeals from the final order of the district court[1] denying as untimely his motion for a new trial on the ground of newly discovered evidence pursuant to Federal Rule of Criminal Procedure 33,[2] and denying his request to convert his motion to a motion under 28 U.S.C. § 2255. We affirm.

Spector was convicted of drug-related crimes by a jury on September 25, 1984. A government informant and three of Spector's four codefendants testified against him at the trial. A divided panel of this court affirmed his conviction and sentence. *United States v. Spector*, 793 F.2d 932 (8th Cir.), *cert. denied*, 479 U.S. 1031, 107 S.Ct. 876, 93 L.Ed.2d 830 (1987). On July 16, 1986, this court denied Spector's petition for rehearing en banc and petition for rehearing by the panel. This court's mandate issued July 23, 1986.

The district court released Spector on bond July 31, 1986, pending disposition of Spector's petition for writ of certiorari to the United States Supreme Court, which was filed October 31, 1986, and denied January 12, 1987.

Spector filed the instant motion for a new trial on January 9, 1989, supported by the affidavit of the fourth codefendant, who had been unavailable as a witness at the time of Spector's trial. Spector asserted this witness could now provide testimony that would cause a new jury to acquit him.

The government moved to dismiss Spector's motion as untimely under Rule 33 because it was filed more than two years after the date this court filed its opinion affirming Spector's conviction. In a supplemental motion to dismiss, the government clarified its view that Spector's motion was untimely because it was filed more than two years after the date of this court's mandate. Spector responded that his Rule 33 motion was timely since it was

filed within two years after the United States Supreme Court denied his petition for writ of certiorari, the event he deemed "final judgment" for purposes of Rule 33.

■ Correctly ruling that the time constraints of Rule 33 are jurisdictional, *see United States v. Beran*, 546 F.2d 1316, 1319 n. 1 (8th Cir.), *cert. denied*, 430 U.S. 916, 97 S.Ct. 1330, 51 L.Ed.2d 595 (1977), the district court held it was powerless to consider Spector's motion, filed more than two years after the date of this court's mandate, in view of Spector's failure to request and receive a stay of the mandate. The district court refused to convert the motion to a writ of error coram nobis or to a civil habeas petition, but noted that Spector could still file a habeas motion under section 2255. Spector renews on appeal his claim that the Rule 33 motion should have been granted or converted to a habeas petition.

■ The appellate process terminates and the two-year time period for a Rule 33 motion begins to run when the appellate court issues its mandate of affirmance. *United States v. Cook*, 705 F.2d 350, 351 (9th Cir.1983). In the absence of a stay of mandate granted by the appellate court, the date of the denial of a petition for writ of certiorari by the United States Supreme Court is irrelevant. *Id.* The clear inference of our cases is to this effect. *See United States v. White*, 557 F.2d 1249, 1250 (8th Cir.) (Rule 33 motion untimely when filed more than three years after issuance of mandate but within two years of resentencing), *cert. denied*, 434 U.S. 870, 98 S.Ct. 214, 54 L.Ed.2d 149 (1977); *United States v. Cody*, 529 F.2d 564, 566 (8th Cir.1976) (per curiam) (noting motion was untimely even viewing date certiorari was denied as final judgment).

■ There is no merit to Spector's argument that the district court's order releasing him on bond pending disposition of his petition for writ of certiorari is equivalent

---

1. The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri.

2. Fed.R.Crim.P. 33 states, in pertinent part,

A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment.

to a stay of mandate issued by this court. Therefore, we agree with the district court that Spector's motion was untimely.

We find no abuse of discretion in the district court's refusal to convert Spector's Rule 33 motion into a civil habeas petition. Although Spector is not foreclosed from filing a section 2255 motion, we note that newly discovered evidence relevant only to guilt is not a ground for habeas relief. *See Walker v. Lockhart*, 763 F.2d 942, 960 (8th Cir.) (en banc), *cert. denied*, 478 U.S. 1020, 106 S.Ct. 3332, 92 L.Ed.2d 738 (1986).

Accordingly, we affirm the district court.