UNITED STATES of America,
Appellee,

v.

Roger R. LUSSIER, Defendant–
Appellant.

Docket No. 98–1392

United States Court of Appeals,
Second Circuit.

Argued Jan. 7, 2000.

Decided July 10, 2000.

Cheryl J. Sturm, Westtown, PA, for De-
fendant–Appellant.

Paul J. Van De Graaf, Assistant United
States Attorney, David V. Kirby, Acting
United States Attorney, District of Ver-
mont, Burlington, VT, for Appellee.

Before: KEARSE, WALKER, and
CALABRESI, Circuit Judges.

JOHN M. WALKER, Jr., Circuit Judge:

Appellant Roger R. Lussier appeals
from a judgment of the district court for
the District of Vermont (J. Garvan Mur-
tha, *Chief Judge*) that denied his motion
for a new trial based on newly discovered
evidence pursuant to Fed.R.Crim.P. 33.
Because we find that the motion was not
timely filed, we vacate the judgment of the
district court and remand the case with
instructions that the motion be dismissed.

## BACKGROUND

In 1993, Roger Lussier ("Lussier"), the
former president and chairman of the
board of Lyndonville Savings Bank, was
indicted on twenty counts of bank fraud,
false statements, accepting bribes and
money laundering, arising out of six differ-

ent transactions. After a jury trial, Lussier was convicted on 17 of the 20 counts. On June 21, 1994, the court sentenced him to 46 months' imprisonment, two years' supervised release, a fine of $100,000 and restitution in the amount of $426,204.67. This court affirmed the conviction and sentence on August 18, 1995, *United States v. Lussier*, 71 F.3d 456 (2d Cir.1995), and issued a mandate on December 20, 1995. Lussier filed a petition for certiorari, which was denied on March 25, 1996. In January 1997, Lussier filed a petition to vacate his conviction pursuant to 28 U.S.C. § 2255. On March 18, 1998, the district court denied the petition, but modified the judgment to eliminate the court-ordered restitution. On March 23, 1998, 27 months after the issuance of the mandate by this court, Lussier filed a *pro se* motion pursuant to Fed.R.Crim.P. 33 for a new trial based on newly discovered evidence. On June 11, 1998, the district court denied the motion without an evidentiary hearing, finding that Lussier raised evidence that was neither newly discovered nor material. This appeal followed.

## DISCUSSION

■ On appeal, Lussier argues that the district court abused its discretion by denying his Rule 33 motion for a new trial because the facts set forth in his motion establish the existence of newly-discovered material evidence that was suppressed in violation of *Kyles v. Whitley*, 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995). We do not reach this question. Lussier's Rule 33 motion must be dismissed as untimely because it was filed more than two years after the judgment became final.

The applicable version of Rule 33 of the Rules of Criminal Procedure, in effect on March 23, 1998 when Lussier filed his motion, provides that "[a] motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment." Fed.R.Crim.P. 33 (amended 1998). After Lussier filed his motion, Rule 33 was amended, effective December 1, 1998, to provide that a motion for a new trial based on newly discovered evidence "may be made only within three years after the verdict or finding of guilty." Fed. R.Crim.P. 33. Lussier makes no argument that the new Rule 33 applies to his case. But even if the new Rule were to apply to a motion filed prior to its effective date, it is clear that Lussier's motion would be untimely under that rule since it was filed on March 23, 1998, more than three years after he was found guilty on December 22, 1993.

The question presented by this case is, in the context of a motion under the version of Rule 33 in effect prior to December 1, 1998, when a judgment becomes final. Lussier's principal argument is that his motion was timely because the original judgment did not become "final" until the Supreme Court denied certiorari, on March 25, 1996. We disagree.

In *United States v. Reyes,* 49 F.3d 63 (2d Cir.1995), we considered the question of "whether, in the event of an appeal in a criminal case, the two-year period for a Rule 33 motion on the ground of newly discovered evidence runs from the date of the appellate court's judgment or the date of its mandate." *Id.* at 65. While the judgment is the document that states the dispositive action taken by the court of appeals, the mandate is the document that officially conveys to the district court the action taken by the court of appeals. The mandate typically issues 21 days after entry of the judgment or seven days after entry of an order denying a timely petition for rehearing. *See* Fed. R.App. P. 40, 41. After reviewing the law in other circuits, we concluded that the date of the mandate controlled. We rejected the government's argument that the date of appellate judgment was preferable because it would not allow for longer time periods in cases where, pursuant to Rule of Appellate Procedure 41(b), the court of appeals stayed issuance of the mandate pending Supreme Court review. We noted that "[a]ppellate

courts remain in control of the date for issuing mandates and generally delay issuance only when the merits of a criminal appeal are of sufficient substance to make Supreme Court review at least a reasonable possibility." *Id.* at 68.

Lussier argues that *Reyes* is inapplicable because the appellant in that case had not filed a petition for certiorari. However, we find no hint in *Reyes* that the court's analysis would have been any different if the appellant there had petitioned for certiorari. Indeed, one of the cases cited by the *Reyes* court in support of its holding was *United States v. Biaggi*, 823 F.Supp. 1151, 1160 (S.D.N.Y.1993), where the district court rejected the movants' argument that the appellate process is not terminated until the Supreme Court either denies certiorari or decides the case. *See Reyes*, 49 F.3d at 66 n. 5; *Biaggi*, 823 F.Supp. at 1160 ("movants provide no case law to support their contention[ ] that ... the denial of certiorari amounts to a final judgment.").

In addition, the other circuit courts that have considered the question have found that the two-year time period prescribed by Rule 33 prior to December 1, 1998 runs from the issuance of the court of appeals mandate, regardless of whether a petition for certiorari was filed. *See, e.g., United States v. Spector*, 888 F.2d 583, 584 (8th Cir.1989) (per curiam) ("[T]he two-year time period for a Rule 33 motion begins to run when the appellate court issues its mandate of affirmance. In the absence of a stay of mandate granted by the appellate court, the date of the denial of a petition for writ of certiorari by the United States Supreme Court is irrelevant.") (citation omitted); *United States v. Cook*, 705 F.2d 350, 351 (9th Cir.1983) (rejecting appellant's argument that the two-year period did not begin to run until his petition for certiorari was denied and holding that "[t]he mandate having been issued and neither stayed nor recalled, the Supreme Court's action on his certiorari petition is thus irrelevant to the issue of the timeliness of his Rule 33 motion").

■ We therefore reaffirm our holding in *Reyes* that the two-year period under Rule 33 as it applies in this case runs from the date of issuance of the court of appeals' mandate. We also join our sister circuits in holding that, in the absence of a stay of the mandate, the Supreme Court's action on a petition for certiorari has no bearing on the timeliness of a Rule 33 motion for a new trial based upon newly discovered evidence. In this case, the Court of Appeals issued the mandate on December 20, 1995, and did not grant a stay of the mandate. Lussier's Rule 33 motion was filed on March 23, 1998, over two years and three months later.

■ Lussier argues alternatively that his Rule 33 motion is timely because it was filed five days after the district court entered an amended judgment eliminating the restitution portion of his sentence. This argument has no merit as the "amended judgment" to which Lussier refers was entered when the district court granted, in part, Lussier's petition pursuant to 28 U.S.C. § 2255. As we stated in *Reyes*, "[f]inal judgment" within the meaning of Rule 33 has been interpreted as "the date on which the appellate process is terminated." *Reyes*, 49 F.3d at 67 (internal quotation marks omitted); *see also Cook*, 705 F.2d at 351; *United States v. White*, 557 F.2d 1249, 1250 (8th Cir.1977); *Smith v. United States*, 283 F.2d 607, 610 (D.C.Cir.1960) (Bazelon, J., concurring). As a result, Lussier's subsequent collateral attack on his conviction and sentence and the district court's modification of Lussier's sentence on the basis of that attack are irrelevant to the timeliness of the Rule 33 motion. *See White*, 557 F.2d at 1250–51 (holding that the two-year period begins to run from the date on which the mandate in the direct appeal issued, not from the date on which petitioner was re-sentenced pursuant to § 2255); *Howell v. United States*, 172 F.2d 213 (4th Cir.1949) (holding that two-year period runs from entry of the

original judgment, not from the date on which petitioner was re-sentenced pursuant to writ of habeas corpus).

As the time limits of Rule 33 are jurisdictional, *see United States v. Dukes,* 727 F.2d 34, 38 (2d Cir.1984), the district court had no power to consider Lussier's Rule 33 motion because it was untimely. Therefore we vacate the judgment of the district court, and remand the case with instructions that the motion be dismissed for lack of jurisdiction.