**UNITED STATES of America,**
**Appellee,**

v.

**Alvin G. SPENCER, Defendant–**
**Appellant.**

**No. 00–1609.**

United States Court of Appeals,
Second Circuit.

Dec. 24, 2003.

---

Robert M. Radick, Assistant United States Attorney for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York (Jo Ann M. Navickas), for Appellee, of counsel.

Michael E. Lipson, Garden City, New York, for Defendant–Appellant.

Present: NEWMAN, McLAUGHLIN, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

Defendant Alvin G. Spencer appeals the district court's denial of his motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. For the reasons that follow, we affirm the decision of the district court.

On appeal, we review a district court's denial of a motion for a new trial made pursuant to Rule 33 for abuse of discretion. *United States v. Wong,* 78 F.3d 73, 78 (2d Cir.1996). This is because, "having presided over the trial, [the district court] is in a better position to decide what effect the newly discovered materials might have had on the jury." *United States v. Gambino,* 59 F.3d 353, 364 (2d Cir.1995). Hence, "[w]e will not reverse a district court's findings of fact concerning a motion for a new trial unless they are clearly erroneous...." *United States v. Diaz,* 176 F.3d 52, 106 (2d Cir.1999).

In 1995, Spencer was convicted, after a jury trial, of conspiracy to distribute marijuana and possession of marijuana with the intent to distribute. This conviction was based upon Spencer's activities on January 4, 1995, when he received a shipment of furniture that his step-brother sent from Jamaica to a private house in Queens, supposedly to be conveyed from there to a furniture store in Brooklyn that this step-brother had owned. At the back of the container in which the furniture was delivered were stacked 47 tightly sealed boxes; these contained substantial quantities of marijuana, amounting to a street value of approximately $4.8 million.

During Spencer's trial, the prosecution elicited testimony from the two U.S. Customs Agents who had performed a "controlled delivery" of these materials while posing as truckers, introduced evidence from the recordings and videotapes that various agents had taken during the process, documented Spencer's suspicious activities surrounding the event, and produced evidence suggesting a connection

between Spencer and the nearby M & J Deli, in which some of the boxes of marijuana were later found. As its final witness, the government also produced Drug Enforcement Agency (DEA) Agent Marc Levine, who testified about the quantity and street value of the drugs, alleged that Spencer's driving maneuvers were consistent with counter-surveillance techniques, and, most importantly, asserted that, in his extensive personal experience, those individuals entrusted with receiving drugs knew the contents of the packages that they received. In establishing his qualifications as an expert witness, Agent Levine explained that he had been a Connecticut State Police trooper for seven years prior to joining the DEA.

Once convicted, Spencer immediately appealed, claiming that the evidence was insufficient to permit the jury to conclude that he knew that the boxes he received contained marijuana, that the district court's instructions concerning circumstantial evidence and competing inferences had been inadequate, and that he had suffered from ineffective assistance of counsel. In a summary order dated September 23, 1997, this Court affirmed the defendant's conviction, holding, among other things, that "the evidence was sufficient to permit a rational juror to conclude beyond a reasonable doubt that both Spencer and Gallimore had knowledge that the boxes with which they dealt contained narcotics." *United States v. Spencer*, No. 96–1280, 1997 WL 592849, at *2 (2d Cir. Sept.23, 1997). The mandate issued on October 15, 1997.

On January 22, 1999, the office of the U.S. Attorney for the Eastern District of New York wrote to Spencer to inform him that the DEA had fired Agent Levine for falsifying his past employment history and academic record. Most important to this case is the fact that, although Agent Levine testified under oath at the defendant's trial that he had been a Connecticut State Trooper for seven years, he had, in fact, instead been employed during that time as a police officer with the New Milford Police Department in Connecticut.

As a result of Agent Levine's perjury, Spencer, in May 2000, filed a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33, which provides that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed.R.Crim.P. 33(a). The district court refused to grant a new trial, holding that it lacked jurisdiction because Spencer's motion was untimely and that, furthermore, the interests of justice did not, as Rule 33 requires, warrant a new trial. This appeal followed.

We agree that, as the district court held, the defendant's motion was untimely. The time limitations included in Rule 33 are jurisdictional; unless a motion is filed in a timely fashion, a court lacks the power to consider it. *United States v. Dukes*, 727 F.2d 34, 38 (2d Cir.1984). The district court, applying the current version of the time limits articulated by Rule 33, determined that "a motion for new trial based on newly discovered evidence may be made only within three years after the verdict."[1] Spencer argues, however, that the court should have looked to the language of Rule 33 as it stood on the date of his conviction in order to decide whether or not his motion was timely. Only one district court case has employed this reasoning and this has never decided the issue. *See United States v. Camacho*, 163 F.Supp.2d 287, 295 (S.D.N.Y.2001) (holding that "it would not be just or practicable to

---

1. *See* Fed.R.Crim.P. 33(b)(1) (stating that "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty").

apply the new version of Rule 33 in this case, where the verdict was reached before the amendments to Rule 33 came into effect, because the time period prescribed by the new version of the rule runs from the date of the verdict"). We need not resolve the question now because nothing turns on it here.

Assuming arguendo that the district court should have used an earlier version of Rule 33, Spencer's motion would still be time-barred. Prior to 1998, Rule 33 specified that a "motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment." *See Manko v. United States,* 87 F.3d 50, 53 n. 2 (2d Cir.1996). This Court has construed the phrase "final judgment" as referring to the date when the Court of Appeals issues its mandate. *United States v. Lussier,* 219 F.3d 217, 219 (2d Cir.2000) ("We . . . reaffirm our holding . . . that the two-year period under Rule 33 . . . runs from the date of issuance of the court of appeals' mandate."). The defendant asserts that he "had yet to complete his appeal" when he filed his Rule 33 motion, and, therefore, "there had been no 'final judgment' " in the case. This Court's 1997 judgment, and the mandate issued on October 15th of that year, contradict Spencer's claim. Because more than two years elapsed between this Court's issuance of its mandate on October 15, 1997, and the defendant's filing of his motion on May 12, 2000, the district court lacked jurisdiction to hear his claim.

The Court has considered the defendant's other arguments and finds them to be without merit.

The judgment of the district court is therefore AFFIRMED.