*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0031P (6th Cir.)
File Name: 04a0031p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————

UNITED STATES OF AMERICA,
　　　　*Plaintiff-Appellee,*

v.　　　　　　　　　　No. 02-4102

MICHAEL I. MONUS,
　　　　*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Ohio at Youngstown.
No. 93-00034—Peter C. Economus, District Judge.

Argued: December 4, 2003

Decided and Filed: January 26, 2004

Before: SILER and GILMAN, Circuit Judges;
BUNNING, District Judge.[*]

———————

### COUNSEL

**ARGUED:** David L. Engler, Boardman, Ohio, for Appellant.
John D. Sammon, ASSISTANT UNITED STATES

———————

[*] The Honorable David L. Bunning, United States District Judge for the Eastern District of Kentucky, sitting by designation.

ATTORNEY, Cleveland, Ohio, for Appellee. **ON BRIEF:** David L. Engler, Boardman, Ohio, Martin E. Yavorcik, Poland, Ohio, for Appellant. John D. Sammon, ASSISTANT UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellee.

———————

### OPINION

———————

SILER, Circuit Judge. After Michael I. Monus was convicted of various financial crimes, this court upheld his conviction but remanded for resentencing. Subsequently, Monus moved for: (1) a new trial on the basis of newly-discovered evidence, (2) a sentence reduction pursuant to 18 U.S.C. § 3582(c), and (3) a writ of coram nobis. The district court determined that the motion for a new trial was untimely, that the motion for sentence reduction was without merit because the new sentencing guideline at issue was substantive and not clarifying (and thus not retroactive), and that the coram nobis motion was inappropriate because Monus is still is federal custody. He appeals from the district court's rulings on these three motions. We affirm.

### BACKGROUND

In 1995 Monus was convicted on all counts of a 109-count indictment that charged him with an assortment of financial crimes, including bank, wire, and mail fraud. On appeal, this court affirmed his conviction but vacated his sentence and remanded for resentencing for the district court to explain how it calculated the amount of loss and to respond to Monus's objections to the Presentence Report. *United States v. Monus,* 128 F.3d 376 (6th Cir. 1997). This court rendered its decision on October 21, 1997, and the mandate affirming Monus's conviction issued on October 24, 1997.

On remand, the parties struck a deal. In consideration for stipulating to a lower loss figure ($5-10 million, as opposed to the $80 million figure on which the previous sentence was based) that had the effect of reducing Monus's net "loss" enhancement four levels (from 18 to 14), Monus agreed to waive all rights to appeal, including all rights under 28 U.S.C. § 2255. The order resentencing Monus in accordance with these terms was entered on March 1, 1999.

On March 3, 2000, Monus filed two motions: a motion to correct a clerical error and a motion for a reduction of sentence under Rule 35(b). The district court granted the motion to correct the clerical error but denied the Rule 35(b) motion. Monus again appealed. While the case was before this court on Monus's appeal of the district court's denial of his Rule 35(b) motion, however, on March 12, 2001, Monus filed a motion for a new trial based on newly-discovered evidence. The district court stayed consideration of the motion pending a ruling by this court on Monus's appeal of his Rule 35(b) motion.

This court affirmed the district court's denial of Monus's Rule 35(b) motion on April 12, 2002. Monus then filed the other two motions that are the subject of this appeal: the motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c) and the motion for a writ of coram nobis. The district court considered the three pending motions together and denied them all. Monus appealed.

### STANDARD OF REVIEW

"Ordinarily, [an appellate court] reviews the denial of a motion for new trial on the basis of newly discovered evidence for abuse of discretion. [This case,] however, presents [a] question[] of law . . . . Accordingly, [the court] conducts a de novo review of the district court's conclusion[] of law" that the motion was not timely filed. *United States v. Pelullo,* 14 F.3d 881, 886 (3d Cir. 1999) (citation omitted). The district court's determination that the relevant sentencing

guideline revision was substantive and not clarifying is also reviewed de novo. *United States v. Hicks,* 4 F.3d 1358, 1360 (6th Cir. 1993). Likewise, "[a] district court's determination of legal issues in coram nobis proceedings is reviewed de novo." *United States v. Johnson,* 237 F.3d 751, 754 (6th Cir. 2001).

### DISCUSSION

#### *Motion for a New Trial*

In considering the timeliness of Monus's motion for a new trial, the following dates are relevant: (1) May 25, 1995, the date on which the jury rendered its guilty verdict; (2) October 24, 1997, the date on which the mandate issued from this court affirming Monus's conviction; (3) March 1, 1999, the date on which the amended judgment was entered following Monus's resentencing; and (4) March 12, 2001, the date on which Monus filed his motion for a new trial.

As to this issue, a preliminary question arises: which version of Rule 33 should apply, the pre-1998 version, which requires a motion for a new trial based on newly discovered evidence to be made "within two years *after final judgment,*" or the post-1998 version, which requires that the motion be made "within 3 years *after the verdict or finding of guilty*"?[1] (Emphasis added). If the post-1998 version applies, even Monus concedes that his motion was untimely.

"At the time the amendments to Rule 33 were promulgated, the Supreme Court specified that the amendments would apply to all pending criminal cases 'insofar as just and practicable.'" *United States v. Ristovski,* 312 F.3d 206, 212

---

[1] The Rule was further amended effective December 1, 2002. The Rule did not change in substance, however, and the same "3 years after the verdict or finding of guilty" time-limitation still applies. The relevant language in the post-2002 Rule 33 appears in subsection (b)(1). (The pre-2002 rule was not divided into subsections.).

(6th Cir. 2002) (citing Supreme Court Order 98-17, April 24, 1998). Though we have never addressed this question directly, this court has strongly suggested that a case such as Monus's - a situation where "if amended Rule 33 were applied . . . , [the defendant's] three-year period for filing a motion for new trial . . . would have expired before the amendments to Rule 33 even went into effect" - would be one where applying the amended rule would be unjust and impracticable. *Id.* We therefore decline to apply the amended rule.

Even under the old Rule 33, however, the overwhelming weight of authority suggests that Monus's motion was untimely still. This is because those circuits that have construed "final judgment" in this context - the Sixth not yet among them - have held that when a defendant's conviction is affirmed but sentence vacated, the two-year time limit runs from the date of the affirmance of the conviction rather than from the date of resentencing. *See, e.g., United States v. White,* 557 F.2d 1249 (8th Cir. 1977); *Howell v. United States,* 172 F.2d 213, 215-16 (4th Cir. 1949); *see also United States v. Erwin,* 277 F.3d 727, 733 (5th Cir. 2001) (dating "final judgment" from time of void judgment); *United States v. Lussier,* 219 F.3d 217, 219-20 (2d Cir. 2000) (same). Thus, construing "final judgment" this way, the two-year time period for Monus would have begun to run on October 24, 1997, the date on which this court issued its mandate affirming his conviction, and far more than two years prior to Monus's March 12, 2001 motion for new trial.

Finally, Monus argues that because the new evidence at issue here is alleged to be *Brady* evidence, the time-limitation for filing his motion should be relaxed. *See generally Brady v. Maryland,* 373 U.S. 83, 87 (1963) (holding that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process"). This line of argument was not advanced below, however, and thus this court need not consider it now. *See Saylor v. United States,* 315 F.3d 664, 669 (6th Cir. 2003).

*Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)*

Monus's motion for sentence reduction under 18 U.S.C. § 3582(c)[2] relies on the November 2001 amendments to the guidelines, which included an overhaul of the financial crimes guidelines. In 1995, when Monus was sentenced, he received a four-level enhancement because his offense "affected a financial institution and [he] derived more than $1,000,000 in gross receipts from the offense." USSG § 2B1.1(b)(6)(B) (1995). This language was altered as part of the November 2001 amendments, however. The post-2001 language, found in § 2B1.1(b)(12)(A), provides that, "[i]f the defendant derived more than $1,000,000 in gross receipts from one or more financial institutions as a result of the offense, increase by 2 levels." USSG § 2B1.1(b)(12)(A) (2002).[3]

While Monus concedes that the 2001 amendments "as a whole" are substantive in nature, he advances what he calls a "specific argument" that the 2001 amendment *clarified* what it means to "affect" a financial institution such that the district court erred in denying retroactive application. Of course, clarifications of the guidelines have retroactive application while substantive changes do not. *United States v. Williams,* 940 F.2d 176 (6th Cir. 1991). He places particular reliance on

---

[2] [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a).

18 U.S.C. § 3582(c)(2).

[3] After the 1995 sentencing of Monus but before the 2001 amendments, the "affect[ing] a financial institution" section was moved to § 2F1.1(b)(8)(B). (The language stayed the same.) The 2001 amendments eliminated § 2F1.1(b)(8)(B) and moved the revised section to its present location, § 2B1.1(b)(12)(A).

the explanatory note to the 2001 amendment, which in part provides that

> [t]he enhancement also was modified to address issues about what it means to "affect" a financial institution and how to apply the enhancement to a case in which there are more than one financial institution involved. Accordingly, the revised provision focuses on whether the defendants derived more than $1,000,000 in gross receipts from one or more financial institutions as a result of the offense.

USSG App. C, Amendment 617, at 179.

Given the specificity of the question presented, it is no surprise that this court has not yet had occasion to pass on this issue. However, the Seventh Circuit did in *United States v. Hartz,* 296 F.3d 595 (7th Cir. 2002). It squarely rejected the very argument advanced by Monus in the instant appeal. It looked to three factors in determining if USSG § 2B1.1(b)(12)(A) is properly considered a clarification or a substantive change: "(1) how the Sentencing Commission characterized the amendment; (2) whether the amendment changes the language of the guideline itself or changes only the commentary for the guideline; and (3) whether the amendment resolves an ambiguity in the original wording of the guideline." *Id.* at 599 (citations omitted). Noting the absence of any indication that the Commission intended the amendment to be clarifying, the fact that the amendment changed the plain language of the guideline itself, and the unambiguity of the original version, it found the amendment substantive. *Id.*

The opinion in *Hartz* is well-reasoned and persuasive. We therefore adopt its reasoning.

*Motion for Writ of Error Coram Nobis*

"A prisoner in custody is barred from seeking a writ of error coram nobis." *United States v. Johnson,* 237 F.3d 751, 755 (6th Cir. 2001). This is the case even if, as here, § 2255 relief is no longer available. *Id.* Because Monus remains in custody, he is barred from seeking the writ.[4]

**AFFIRMED**.

---

[4] Monus styled his motion as an "Application for Relief from Judgment or Motion for Sentence Reduction as if Under Rule 35(b) or in the Nature of a Writ of Coram Nobis." The district court did not address the Rule 35(b) part of this motion, in all likelihood because it had already ruled on the issue in an order dated March 30, 2000. In any event, such a motion is wholly without merit because, as the district court explained, the plain language of the rule makes clear that only the government can bring a Rule 35(b) "substantial assistance" motion. The government's decision is not to be questioned unless the defendant can make a substantial threshold showing of an unconstitutional motive for refusing to make the motion, s*ee United States v. Bagnoli,* 7 F.3d 90, 92 (6th Cir. 1993), and no such showing was made here.