NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0681n.06
Filed: August 9, 2005

No. 03-4530

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

DONALD J. BORAZANIAN,

     Defendant-Appellant.

     On Appeal from the
United States District
Court for the Northern
District of Ohio

_____/

BEFORE: BOGGS, Chief Judge, and GIBBONS, Circuit Judge; QUIST, District Judge.[*]

     **PER CURIAM.** Defendant, Donald Borazanian, received and sent a massive amount of child pornography over the internet. He was indicted on three counts of receiving child pornography and one count of interstate travel to engage in criminal sexual activity. 18 U.S.C. § 2252(a)(2), 18 U.S.C. §§ 2423(b) and 3283. He pled guilty to all counts pursuant to a plea agreement whereby Borazanian and the government agreed that Borazanian would be sentenced under the 2002 version of the United States Sentencing Guidelines "because that is the edition most favorable to BORAZANIAN." The parties anticipated a Guideline total offense level of 29. However, when the Guideline range was computed under the 2002 Guidelines, the Presentence Investigation Report writer and the district court correctly determined that the 1998 Sentencing Guidelines were actually more favorable to Borazanian than the 2002 Guidelines. Borazanian and the government had failed

_____

[*]The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

to take into account U.S.S.G. § 4B1.5(b)(1) of the 2002 Guidelines, which gave a five-level enhancement for persons who have a prior conviction for a sex offense.

At the sentencing hearing held on November 10, 2003, the parties agreed that Borazanian would be sentenced under the 1998 Guidelines, which produced a sentencing range of 108 to 135 months, as distinguished from the plea agreement's presumed range of 97 to 121 months and as distinguished from the correct 2002 range of 235 to 293 months. Borazanian was sentenced to 130 months. He reserved the right to appeal any sentence greater than the range resulting from the stipulated offense level; in other words, he could appeal any sentence over 121 months.

Because Borazanian did not object to his sentence, we review for plain error under Federal Rule of Criminal Procedure 52(b). *See United States v. Green*, 305 F.3d 422, 432 (6th Cir. 2002) (*citing United States v. Fountain*, 2 F.3d 656, 669-70 (6th Cir. 1993)). Borazanian claims that the district court erred in not grouping the receipt of child pornography counts because the only distinction between the three counts was the type of files received. *See* U.S.S.G. § 3D1.2. He claims that the failure to group the counts resulted in impermissible double counting. Borazanian also claims that Amendment 615, effective November 1, 2001, which provides that child pornography charges should be grouped under U.S.S.G. § 3D1.2, is a clarifying amendment rather than a substantive change to the Guidelines. If Amendment 615 is a clarifying amendment, it must be applied in this case. If it is a substantive change, it is not to be applied. *See United States v. Monus*, 356 F.3d 714, 718 (6th Cir. 2004).

This court disagrees with Borazanian for the following reasons:

1.      In *United States v. Hibbler*, 159 F.3d 233 (6th Cir. 1998), this court held that the possession and distribution of child pornography have multiple victims. Thus, for purposes of

grouping, counts involving multiple victims should not be grouped.  *Id.* at 237.  In this case, the

different counts reflected different pictures of different children, and, therefore, multiple victims.

Therefore, the counts could not be grouped under the 1998 version of the Guidelines.  Nor do we

believe the other portions of § 3D1.2 counsel in favor of resentencing.

It is not clear what subsections of § 3D1.2 Borazanian believes entitle him to resentencing.

Though he directs us to subsection 3D1.2(c), that provision authorizes grouping only in a unique and

limited instance.  It provides for grouping of multiple counts when "one of the counts embodies

conduct that is treated as a *specific offense characteristic* in, or other adjustment to, the guideline

applicable to another of the counts."  U.S.S.G. § 3D1.2.(c) (emphasis added).  But that is not the

present circumstance.  Defendant's three counts of possession of child pornography are not offense

characteristics or adjustments to each other.  The fact that each involved the same enhancements

does not mean that the counts should have been grouped because none of the enhancements were

themselves a distinct count.  *United States v. Davidson*, 283 F.3d 681, 685-86 (5th Cir. 2002).

2.      The test for determining whether an amendment is clarifying or is a substantive

change is set forth in *Monus*:  (1) how the Sentencing Commission characterized the amendment;

(2) whether the amendment changes the language of the Guideline itself or changes only the

commentary for the Guideline; and (3) whether the amendment resolves an ambiguity in the original

wording of the Guideline.  *Monus*, 356 F.3d at 718 (citing *United States v. Hartz*, 296 F.3d 595, 599

(7th Cir. 2002)).

Amendment 615 added text to the language of the Guidelines by inserting new categories

of crimes that group automatically, including U.S.S.G. § 2G2.2, which pertains to child

pornography.  The commentary to the amendment does not indicate that this change is clarifying as

opposed to substantive. Rather, the commentary states that the text was changed to resolve a circuit split about whether the multiple children depicted in the pornography are the victims, making grouping inappropriate, or whether society as a whole is the victim, making grouping appropriate. It further notes that "the Commission adopted a position that provides for grouping of multiple counts" involving child pornography. Finally, the amendment did not resolve an ambiguity in the original wording of the Guidelines.

Under the factors set forth in the *Monus* test, Amendment 615 is a substantive change to the Guidelines. Bolstering this conclusion is the fact that Amendment 615 is not listed under U.S.S.G. § 1B1.10(c) as an amendment that is to be applied retroactively to the sentences of defendants already serving a term of imprisonment. Further, the Fifth Circuit, the only court to address this issue, concluded that Amendment 615 is a substantive change in the Guidelines. *See United States v. Davidson*, 283 F.3d 681, 684-85 (5th Cir. 2002). It rested its decision on the facts that the amendment added text to the Guidelines, was not listed as an amendment to be applied retroactively under U.S.S.G. § 1B1.10(c), and was not described as clarifying. *Id.* Additionally, the Fifth Circuit concluded that the commentary evinced that the change was substantive because it discussed that the amendment was necessary to resolve a circuit split and that the Commission "adopted" the position that grouping was the preferable way to proceed. *Id.* at 684. We agree with the Fifth Circuit.

For these reasons the judgment of the district court is AFFIRMED.