Revised January 24, 2002

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

———————————

No. 98-10506

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BONNIE BURNETTE ERWIN,
also known as Carlos Erwin,
also known as  Ralph Erwin,

Defendant-Appellant.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas

———————————————————————

December 21, 2001

Before HIGGINBOTHOM, BARKSDALE, and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:

Bonnie Burnette Erwin ("Erwin") appeals from the district court's denial of his motion for new trial based on newly discovered evidence.  Erwin also appeals the district court's entry of an amended judgment in accordance with this Court's mandate, which vacated Erwin's conspiracy conviction.  Finding no error, we affirm.

FACTUAL AND PROCEDURAL HISTORY

On October 18 , 1984, Erwin and numerous other persons were charged with various offenses arising from drug activity centered in South Dallas, Texas.[1] The facts giving rise to these charges are detailed in United States v. Erwin, 793 F.2d 656 (5th Cir. 1986). On January 24, 1985, Erwin was convicted of the following offenses: Count 1, conspiracy to distribute controlled substances (21 U.S.C. § 846); Count 2, engaging in a continuing criminal enterprise ("CCE") (21 U.S.C. § 848); Count 3, conducting and participating in a racketeering enterprise ("RICO") (18 U.S.C. § 1962(c) and 2); Counts 4 and 5, aiding and abetting possession with intent to distribute a controll ed substance (21 U.S.C. § 841(a)(1)); Counts 10 and 11, aiding and abetting travel and traveling in interstate commerce with intent to distribute proceeds of an unlawful activity (18 U.S.C. § 1952(2)); Count 20, buying and receiving counterfeit obligations of the United States (18 U.S.C.§ 473); Counts 21 and 24, distribution and intent to distribute a controlled substance (21 U.S.C. § 841(a)(1)); Count 25, carrying a firearm during the commission of a felony (18 U.S.C. § 924(c)(2));  and Counts 26 through 29, income tax evasion (26 U.S.C. § 7201). The district court sentenced Erwin to a term of life imprisonment without parole on the CCE conviction plus 120 years on the other substantive offenses. The district court ordered that the sentences run consecutively.[2]

On appeal, this Court reversed and vacated Erwin's conviction for conspiracy on the ground that the district court failed to instruct the jury on the issue of single versus multiple conspiracies as

---

[1]This indictment superseded an indictment issued on June 21, 1984.

[2]On January 15, 1985, Erwin moved for a new trial. He alleged that the evidence was insufficient to support his convictions because it consisted of compounded accomplice testimony and was therefore unreliable. The district court denied his motion, finding that the evidence of Erwin's guilt was overwhelming and emanated from a variety of sources. Accordingly, the district court found that there was no miscarriage of justice in the verdict.

requested by Erwin and his co-defendants. Erwin, 793 F.2d at 664. This Court also found that § 846 conspiracy is a lesser included offense of a CCE. Thus, we held that because Erwin had already been convicted of a CCE offense, he could not be retried for conspiracy. Erwin, 793 F.2d at 669. However, we affirmed Erwin's conviction in all other respects.[3]

On June 14, 1990, pursuant to the government's motion to dismiss the conspiracy charge, the district court amended the judgment, dismissing the conspiracy count with prejudice. Over the course of the next eleven years, Erwin filed numerous post-conviction motions seeking to either set aside his convictions or obtain a new trial. Erwin filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in July of 1991, July of 1994, and April of 1997. All of Erwin's motions were denied and he has not received permission from this Court to file a successive motion.

Upon the denial of his first § 2255 motion, Erwin filed an appeal with this Court, raising, among other grounds, ineffective assistance of counsel. Specifically, Erwin alleged that his trial counsel failed to raise a timely Batson challenge. On September 8, 1994, we affirmed the district court's decision, holding that Erwin's ineffective assistance of counsel claim was not colorable because Batson was decided over two years after Erwin's trial and his trial counsel was not ineffective for failing to anticipate the decision.

On August 26, 1996, Erwin filed a Motion of Correction and Commitment Order requesting that the district court amend the original Judgment and Commitment Order to reflect that his conspiracy count had been dismissed by this Court. On March 27, 1998, the district court filed an

---

[3]On appeal, Erwin also asserted that his conviction was unconstitutional because the government improperly utilized its peremptory challenges to exclude African-Americans from the jury in violation of Batson v. Kentucky, 476 U.S. 79 (1986). Erwin initially raised this issue in the district court one week after the jury was selected. We agreed with the district court that Erwin's motion was untimely and found that Batson did not apply in this case.

amended judgment, which deleted any reference to the conspiracy conviction, thus, reducing Erwin's sentence to life imprisonment without parole for the CCE conviction plus 105 years for the remaining offenses.[4] On April 27, 1998, Erwin filed an appeal from the district court's judgment.

While Erwin's appeal was pending, on June 1, 1999, the Supreme Court decided Richardson v. United States, 526 U.S. 813 (1999), which clarified the requirements for CCE convictions. In Richardson, the Supreme Court held that in order to convict a defendant of a CCE violation, a jury must unanimously agree as to which specific violations make up the "continuing series" and "violations" underlying the CCE offense. Id. at 816. On September 16, 1999, Erwin filed a motion for new trial in the district court. Thereafter, Erwin, through appointed counsel, filed a memorandum of law in support of a resentencing and his motion for new trial. Erwin argued that the district court's amended judgment, without an appropriate resentencing hearing and notice, deprived Erwin of his right to due process. Thus, Erwin maintained that the amended judgment must be reversed and vacated. Erwin also asserted that he was entitled to a new trial, for several reasons.

First, Erwin urged that his conviction was unconstitutional because the charge read to the jury did not contain the requirements outlined in Richardson. Second, Erwin contended that the district court abused its discretion in failing to conduct a new trial to determine the effect that this Court's reversal of Erwin's conspiracy conviction would have on his CCE and RICO convictions. Lastly, Erwin again alleged Batson violations.

On October 22, 1999, this Court agreed to hold Erwin's appeal in abeyance and to remand the case to the district court for the limited purpose of ruling on Erwin's motion for a new trial.

_____

[4]The amended judgment reflects the removal of the fifteen-year sentence that Erwin received as a result of the conspiracy conviction.

4

Subsequently, the magistrate judge found that Erwin's motion for new trial based on newly discovered evidence should be denied as untimely and the district court entered its order adopting the findings and conclusions of the magistrate judge. Thereafter, Erwin appealed from this judgment and the appeal was consolidated with Erwin's earlier appeal.

DISCUSSION

I.      Resentencing Hearing

Erwin urges that he is entitled to reversal of the district court's amended judgment because its entry, without a resentencing hearing and notice, deprived Erwin of his right to due process. The terms of Rule 35 of the Federal Rules of Criminal Procedure require a court to correct a sentence that is determined on appeal to have been imposed in violation of the law. FED R. CRIM. P. 35(a). However, a defendant's presence in court is not required every time judicial action is taken to correct a sentence. Rule 43 of the Federal Rules of Criminal Procedure provides that "[t]he defendant shall be present . . . at the imposition of sentence." FED. R CRIM. P. 43(a). However, a defendant's presence is not required "at a reduction of sentence under Rule 35."[5] FED. R CRIM. P. 43(c)(4) (amended 1998).

This Court has held that "[this exception] applies to downward correction of an illegal sentence under Rule 35(a)." United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993). We found that "where the entire sentencing package has not been set aside, a correction of an illegal sentence does not constitute a resentencing requiring the presence of the defendant, so long as the modification does not make the sentence more onerous." Id. (citation omitted).

___

[5]Because the amended judgment was issued on March 27, 1998, we apply the version of Rule 43(c)(4) applicable to offenses committed before April 24, 1998, which is the effective date of the new version of the rule.

In the instant case, the district court rejected Erwin's contention that he was entitled to a resentencing hearing, stating that "a new sentencing hearing is not required if the court is not imposing a new sentence but is instead simply modifying an existing sentence." This Court has determined that "[a] defendant's right to be present when the district court alters his sentence depends on the type of action the district court is taking." United States v. Patterson, 42 F.3d 246, 248 (5th Cir. 1994). A defendant is entitled to be present when the district court is imposing a new sentence after the original sentence has been set aside; however, a defendant does not have a right to be present when his sentence is merely modified by the district court. Id. (citing United States v. Moree, 928 F.2d 654, 655 (5th Cir.1991)).

Here, the district court modified Erwin's sentence in accordance with this Court's reversal of the conspiracy count and the affirmation of the district court decision in all other respects. Erwin's conviction was reduced from life plus 120 years to life plus 105 years. We have found that such a downward correction of an illegal sentence does not constitute resentencing requiring the presence of a defendant. Thus, Erwin was not entitled to a resentencing hearing, and therefore, his due process rights were not violated.

II.     Motion for a New Trial.

We review a district court's denial of a motion for new trial based on newly discovered evidence for abuse of discretion. United States v. Bowler, 252 F.3d 741, 747 (5th Cir. 2001). These motions are disfavored and reviewed with great caution. Id. (citing United States v. Gonzalez, 163 F.3d 255, 264 (5th Cir.1998)).

6

On appeal, Erwin argues that the district court abused its discretion by denying his motion for a new trial based on the existence of newly discovered evidence. Because we find that Erwin's motion is time-barred, we uphold the district court's decision. Rule 33 of the Federal Rules of Criminal Procedure governs motions for new trial in criminal proceedings. This rule was amended on December 1, 1998, and the amended rule, which was in effect at the time Erwin's motion for new trial was filed, provides that

> [a] motion for a new trial based on newly discovered evidence may be made only within three years after the verdict or finding of guilty. A motion for a new trial based on any other grounds may be made only within 7 days after the verdict or finding of guilty or within such further time as the court may fix during the 7-day period.

FED. R. CRIM. P. 33.[6]

In this circuit, it is well-settled that there are five prerequisites which must be met to justify a new trial on the ground of newly discovered evidence. A defendant must demonstrate that

---

[6]In United States v. Bowler, this Court held that "the new Rule 33 applies to *cases* commenced after December 10, 1998 or, insofar as just and practicable, to *cases* pending after the effective date." 252 F.3d 741, 746 (5th Cir. 2001) (emphasis added). In Bowler, we found that applying the new rule would be unjust and impractical and thus, applied the pre-amendment version of the rule, which provided in relevant part that "[a] motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after 'final judgment.'" FED. R. CRIM. P. 33 (amended 1998). When a conviction is appealed, final judgment within the meaning of the pre-amendment rule is "after the issuance of the mandate of affirmance by the appellate court." United States v. Granza, 427 F.2d 184, 185 n.3 (5th Cir. 1970) (citing Harrison v. United States, 191 F.2d 874 (5th Cir. 1951)).

In the instant case, however, unlike in Bowler, Erwin's motion is time-barred regardless of which version of the rule is applied. Erwin was convicted in 1985 and on August 20, 1986, we issued a mandate, over thirteen years before Erwin filed his motion for new trial. Thus, Erwin's motion for new trial under the pre-amendment version of Rule 33 would still be time-barred because it was not filed within two years after final judgment. Accordingly, we believe that an injustice would not be perpetrated in applying the new rule.

7

(1) the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) failure to detect the evidence was not due to a lack of diligence by the defendant; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence introduced at a new trial would probably produce an acquittal.

Bowler, 252 F.3d at 747 (citation omitted).

The time limits provided in Rule 33 are jurisdictional. Bowler, 252 F.3d at 743. Therefore, after the expiration of the time limit specified in the rule, the district court has no jurisdiction. See United States v. Brown, 587 F.2d 187, 189-90 (5th Cir. 1979) (holding that the district court did not have the power to order a conditional new trial after more than a month had passed without the filing of a motion for new trial based on grounds other then newly discovered evidence).

Here, the district court improperly found that the three-year limitation period provided in Rule 33 did not start to run until after the amended judgment was entered. This rule does not state that the time for filing a motion will be extended because of a defect in the judgment and we do not believe that this is the rule's intent. We therefore agree with the Fourth Circuit that "[a] void judgment equally with a valid one would meet the purpose of the rule which is to fix the time after trial within which the motion should be made." Howell v. United States, 172 F.2d 213, 216 (4th Cir. 1949).

In Howell, the Fourth Circuit considered an issue similar to the one presented in this appeal. Howell was convicted of bank robbery and sentenced to twenty years imprisonment. Thereafter, Howell's sentence was vacated in a habeas proceeding, which was commenced approximately seven years after his conviction. The court voided the sentence on the ground that Howell's counsel was not present when the sentence was pronounced. Within two years after his sentence was vacated, Howell filed a motion for new trial based on newly discovered evidence. The Fourth Circuit held that

8

the motion was untimely because it was filed more than two years after the date of his conviction.[7] The court determined that "there would be no sense in permitting the motion after the time so fixed merely because the sentence as entered was technically invalid." Id. at 216; see also United States v. White, 557 F.2d 1249 (8th Cir. 1977) (upholding the denial of a defendant's motion for new trial based on newly discovered evidence, filed more than three years after the termination of his direct appeal, as untimely even though the motion was filed within three years from the date the defendant was re-sentenced pursuant to his § 2255 petition). We find the holdings reached in Howell and White persuasive and conclude that the same rule applies where a defendant's sentence is subsequently amended.[8]

On January 24, 1985, Erwin was convicted. Therefore, he had three years from that date to file a motion for new trial based on newly discovered evidence. Because Erwin filed his motion more than thirteen years after his conviction, we hold that Erwin's motion was not timely. The limitation periods encompassed in Rule 33 are intended to "cut off claims concerning guilt or innocence at a certain time after trial." White, 557 F.2d at 1251. To permit Erwin to file a motion for new trial more than thirteen years after his conviction would circumvent the purpose of the time limitations set forth in the rule.

---

[7]The court applied the pre-amendment version of Rule 33.

[8]The government argues strenuously that Erwin's motion for new trial is essentially a disguised successive habeas motion pursuant to 28 U.S.C. § 2255. As such, the government asserts that Erwin's motion is time-barred by the Antiterrorism and Drug Effective Death Penalty Act. Because we conclude that Erwin's motion is time-barred on other grounds, we need not and do not address this alternative argument.

III.    Other Issues

On appeal, Erwin raises two additional grounds for a new trial that were not contained in either his motion for new trial or his memorandum in support of his motion. The additional grounds are (1) the trial judge erred in failing to instruct the jury that it must find proper venue as to each count and (2) the district court erred in refusing to provide a copy of the grand jury transcripts and materials as requested by Erwin.

A.    Venue

Erwin contends that he is entitled to reversal of his convictions under Counts 26 though 29 of the indictment (tax evasion) because the jury was not properly instructed on venue. Specifically, he maintains that the district court erred by not instructing the jury that it must find proper venue for each offense charged. The government counters that Erwin raised this issue in his § 2255 motion and said issue was denied by this Court in its opinion on July 28, 1994. In our opinion, we found that the matter of venue was waived because it was not asserted prior to trial. United States v. Greer, 600 F.2d 468, 469 (5th Cir. 1979). Accordingly, we conclude that Erwin is precluded from raising this issue again. United States v. Becerra, 155 F.3d 740, 752 (5th Cir. 1998) ("Under the 'law of the case' doctrine, an issue of law or fact decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal.").

B.    Copy of Grand Jury Proceedings

Lastly, Erwin argues that he is entitled to receive a copy of the grand jury's transcripts and materials. This issue was raised in an earlier post-conviction motion filed by Erwin which was denied by the district court. Erwin then attempted to appeal from that ruling; however, this Court determined

10

that the appeal was untimely. Therefore, we find that if the appeal was untimely in 1990, it is certainly untimely in 2001.

CONCLUSION

For the foregoing reasons, we AFFIRM Erwin's conviction and sentence.

AFFIRMED.