**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 01-50683

(Summary Calendar)

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIFFANY ROCHELLE WILSON; BENJAMIN WILSON, also known as Benji,

Defendants-Appellants.

Appeals from the United States District Court
For the Western District of Texas
USDC No. MO-00-CR-13-8

October 2, 2002

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Tiffany Rochelle Wilson and her brother, Benjamin "Benji" Wilson, appeal from their

convictions for conspiracy to possess with intent to distribute cocaine base and for distribution of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cocaine base under 21 U.S.C. §§ 841(a)(1) and 846. Tiffany Wilson contends that the district court erred in denying her motion for a new trial and judgment of acquittal based on newly discovered evidence that a government witness suffered from schizophrenia and bi-polar disorder. She also contends that the evidence was insufficient to support her conspiracy conviction and the jury's finding that she was responsible for the distribution of 51 grams of cocaine base. Benjamin Wilson contends that the district court improperly enhanced his sentence by two levels for obstruction of justice. We affirm.

I

Defendants were indicted as part of the investigation of a crack cocaine conspiracy located in Midland, Texas. Much of this investigation focused on Benjamin Wilson. Along with a partner, Benjamin Wilson purchased a bulk amount of powder cocaine, arranged for it to be converted into "crack," and then distributed the crack directly or through associates to street dealers, including his sister, Tiffany Rochelle Wilson. Using confidential informants, police arranged for several controlled buys from Benjamin Wilson and Tiffany Wilson.

One of these confidential informants, Katrina Blair, testified that on three occasions she purchased crack cocaine from Tiffany Wilson at her home.[1] Officer Mitch Russell also testified regarding the sales, which he overheard through a transmitter attached to Blair. Officer Russell testified that, during the initial purchase, Blair greeted Tiffany Wilson by name and that thereafter he recognized Wilson's voice when listening to the subsequent transactions.

Another confidential informant, Joe Drake, testified that he sold crack cocaine on behalf of

---

[1] On a fourth occasion, Tiffany Wilson gave Blair two rocks of crack cocaine without requiring payment.

Benjamin Wilson and, on two or three occasions, helped him convert powder cocaine to crack. Drake testified that during these sessions he occasionally answered calls from Tiffany Wilson on Benjamin Wilson's cellphone and overheard Benjamin Wilson negotiate drug deals with his sister. After these calls, Benjamin Wilson would leave with some of the crack rather than give it all to Drake to sell. On one occasion, after a call from Tiffany Wilson, Drake accompanied Benjamin Wilson to his sister's home. While Drake waited in the car, Benjamin Wilson took crack cocaine into the house and returned without it.

After her conviction by the jury, Tiffany Wilson filed motions for new trial, for judgment of acquittal, and to set aside the verdict. The district court overruled these motions. Tiffany Wilson now appeals.

During trial, Tasha Lashay Houston approached Government witness Debra Gail Blaylock at her home on the evening before she was due to testify and told her that she would be killed and her house would be burned down if she testified against Benjamin Wilson and his sister. Houston also threw a bottle through Blaylock's window. After pleading guilty to witness tampering, Houston informed her probation officer that Benjamin Wilson had bribed her with crack cocaine to threaten Blaylock, although she later told her attorney that she was lying. Houston's statements were recorded in a presentence report and submitted at Benjamin Wilson's sentencing hearing. Over his objections, the district court imposed a two-level sentencing enhancement on Benjamin Wilson for obstruction of justice. Benjamin Wilson now appeals.

II

Tiffany Wilson argues that the trial court erred because the newly discovered evidence of Blair's mental condition entitles her to a new trial. We review a district court's order denying a

motion for a new trial based upon newly discovered evidence for abuse of discretion. *United States v. Erwin*, 277 F.3d 727, 731 (5th Cir. 2001). Such motions are disfavored and are viewed with great caution. *Id*.

Where, as here, the appellant has not demonstrated that the newly discovered evidence would raise a reasonable doubt as to guilt, there has been no abuse of discretion. *United States v. Pena*, 949 F.2d 751, 759 (5th Cir. 1991). There was ample evidence independent of Blair's testimony from which the jury could determine Tiffany Wilson's guilt. Specifically, Officer Russell testified as to her participation in three sales of crack cocaine to Blair. Moreover, Drake's testimony provided additional independent evidence that Tiffany Wilson engaged in drug transactions with her brother.

Tiffany Wilson also argues that the evidence at trial was insufficient for a jury to conclude beyond a reasonable doubt that she conspired to distribute crack cocaine. On appeal, "we determine whether, viewing the evidence and the inferences that may be drawn from it in the light most favorable to the verdict, a rational jury could have found the essential elements of the offenses beyond a reasonable doubt." *United States v. Pruneda-Gonzalez*, 953 F.2d 190, 193-94 (5th Cir. 1992) (citations omitted).[2]

Tiffany Wilson contends that the evidence at trial equally supported conclusions of guilt and innocence because her calls to her bro ther and his visits to her home were explained by their relationship as siblings and by her babysitting for his son. There is no evidence, however, that Tiffany Wilson was babysitting when Drake overheard Benjamin Wilson discuss drug transactions with her

---

[2] The elements of a conspiracy under 21 U.S.C. §§ 841(a)(1) and 846 are: "1) the existence of an agreement between two or more persons to violate federal narcotics laws; 2) the defendant's knowledge of the agreement; and 3) the defendant's voluntary participation in the agreement." *United States v. Gonzalez*, 79 F.3d 413, 423 (5th Cir. 1996) (citing *United States v. Gallo*, 927 F.2d 815, 820 (5th Cir. 1991)). Circumstantial evidence can establish the existence of a conspiracy. *Id*.

or when Benjamin Wilson carried a quantity of crack cocaine into her home and left without it. Thus, there was ample evidence from which the jury could reasonably infer that Tiffany Wilson knowingly and voluntarily participated in a drug conspiracy with her brother.

In addition, Tiffany Wilson asserts that the evidence was insufficient to support the jury's finding that she was responsible for the distribution of 51 grams of cocaine base. Specifically, she argues that the jury did not consider evidence that her participation in the conspiracy ended in April 1999, when she allegedly moved to another city.

Drake testified that he created 30 ounces (850.5 grams) of crack cocaine and that some of this crack was delivered to Tiffany Wilson by her brother. In addition, Officer Russell testified that Tiffany Wilson distributed 5.68 grams of crack cocaine to Blair. Finally, Debra Gail Blaylock testified that she purchased crack cocaine at Tiffany Wilson's home for her own use and on behalf of others on numerous occasions in 1998. Fro m this evidence, the jury could have reasonably inferred that Tiffany Wilson was responsible for the distribution of 51 grams of cocaine base.[3]

III

Benjamin Wilson contends that the district court erred by imposing a two-level sentencing enhancement for obstruction of justice pursuant to section 3C1.1 of the United States Sentencing

---

[3] Tiffany Wilson also raises an "omnibus error" in which she contends, without explanation, that the trial court erred in failing to set aside her conviction as against the weight of the evidence and in denying her motion to sever her trial from her brother. Because she failed to brief these arguments, they are waived and we will not address them. *See Brinkman v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (refusing to consider appellant's arguments because he simply recited familiar rules without identifying any error in district court's opinion, which was "the same as if he has not appealed that judgment").

Guidelines.[4] We review the district court's interpretation or application of the Sentencing Guidelines *de novo* and its factual findings for clear error. *United States v. Huerta*, 182 F.3d 361, 364 (5th Cir. 1999). In making factual determinations regarding sentencing, the district court is entitled to draw reasonable inferences from information in the presentence report. *United States v. Brown*, 54 F.3d 234, 242 (5th Cir. 1995).

Benjamin Wilson asserts that the district court erred by considering Houston's statements in the presentence report, but has not made any showing that the information contained in the report was materially untrue or unreliable. *United States v. Davis*, 76 F.3d 82, 84 (5th Cir. 1996). Thus, because the district court's finding that Benjamin Wilson obstructed justice is plausible in light of the record as a whole, it is not clearly erroneous. *United States v. Clark*, 143 F.3d 174, 180 (5th Cir. 1998).

AFFIRMED.

---

[4] Section 3C1.1 of the Sentencing Guidelines provides for a two-level enhancement if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense." Obstruction of justice under section 3C1.1 includes "threatening, intimidating, or otherwise unlawfully influencing a codefendant, witness, or juror, directly or indirectly, or attempting to do so." U.S. SENTENCING GUIDELINES § 3C1.1, cmt. n.4(a) (2001).