IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10548
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

GENICE STRIBLING,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CR-111-3-P
--------------------
November 14, 2002

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Genice Stribling appeals from her resentencing following our earlier remand of her case.  *See United States v. Stribling*, No. 99-11409 (5th Cir. Apr. 19, 2001) (unpublished).  In our earlier opinion, we vacated Stribling's five-year term of supervised release because it violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  We remanded the case for resentencing to a new term of supervised release.  *Id*. at 6 n.***, 8.

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Stribling contends that she was deprived of her right to be present at resentencing. The Government contends that Stribling was not actually resentenced. Rather, the Government asserts, her sentence was modified and she had no right to be present at the proceeding.

We specifically remanded the case for resentencing regarding supervised release after vacating the original supervised release term. *Stribling*, slip op. at 8. We distinguish between proceedings "that modify an existing sentence and those that impose a new sentence after the original sentence has been set aside." *United States v. Moree*, 928 F.2d 654, 655 (5th Cir. 1991). A defendant has no right to be present at a modification hearing, unless the modification makes the sentence more onerous. A defendant has the rights to be present and to allocute at a resentencing hearing, rights "which are of constitutional dimension[.]" *Id*. at 655-56.

Stribling's case is distinguishable from cases like *United States v. Erwin*, 277 F.3d 727 (5th Cir. 2001), *petition for cert. filed*, ___ U.S.L.W. ___ (U.S. Oct. 21, 2002)(No. 02-6536). In *Erwin*, a defendant was convicted of multiple offenses. We reversed the conviction on a conspiracy count and found that the defendant could not be retried for conspiracy, but affirmed in all other respects. The district court amended the judgment, dismissing the conspiracy count with prejudice. The modification reduced Erwin's

2

sentence. *Erwin*, 277 F.3d at 729, 731. We rejected Erwin's contention that the modified judgment should be set aside because the district court did not give notice or hold a resentencing hearing. Because the district court in Erwin's case modified the sentence in accordance with the reversal of the conspiracy count and the affirmation in all other respects, he had no right to a resentencing hearing at which he could be present. *Id*. at 731.

In *Erwin*, the district court modified the judgment by deleting the sentence for a reversed count. No new sentence was imposed. *See id*. In Stribling's case, no counts were reversed, but the supervised release component of the sentence was vacated, and the case was remanded for imposition of a new supervised release sentence. Because Stribling was resentenced, she had a constitutional right to be present at the resentencing proceeding. *Moree*, 928 F.2d at 655-56.

Moreover, Stribling had a right under the Federal Rules of Criminal Procedure to be present at her resentencing proceeding. FED. R. CRIM. P. 43(a),(c)(4); *see* FED. R. CRIM. P. 35(a). Because Stribling's right to be present was violated, the three-year term of supervised release is vacated and the case is remanded for resentencing. *See Moree*, 928 F.2d at 656.

VACATED AND REMANDED.