**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 17, 2004**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-50635
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LOUIS "BIG LOU" MORALES,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-98-CR-265-9
---------------------

Before HIGGINBOTHAM and EMILIO M. GARZA, Circuit Judges.[*]

PER CURIAM:[**]

Louis "Big Lou" Morales appeals the district court's
dismissal of his motion for a new trial for lack of jurisdiction.
He argues that the district court erred in finding that his
motion was not timely filed and that the district court should
have considered it on the merits.

---

[*] This matter is being decided by a quorum. 28 U.S.C.
§ 46(d).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

This court must examine the basis of its own jurisdiction sua sponte if necessary. United States v. Lister, 53 F.3d 66, 68 (5th Cir. 1995). A timely notice of appeal is a mandatory precondition to the exercise of appellate jurisdiction. United States v. West, 240 F.3d 456, 458 (5th Cir. 2001). In a criminal case, the defendant must file her notice of appeal within 10 days after the entry of the judgment or order being appealed. FED. R. APP. P. 4(b)(1)(A).

Morales filed his motion for new trial on September 28, 2001, which the district court denied on April 22, 2003. Morales did not file a notice of appeal within 10 days of the entry of this order. Therefore, we do not have jurisdiction to review the denial of this motion.

Morales filed another motion for a new trial on May 6, 2003, which the district court denied on May 27, 2003. Within ten days of the entry of this order, Morales filed a notice of appeal on June 2, 2003. Therefore, we have appellate jurisdiction to review the denial of Morales's May 6, 2003, motion for a new trial.

Morales has not shown that the district court abused its discretion in finding his May 6, 2003, motion for a new trial was untimely and dismissing it for lack of jurisdiction. The jury reached a verdict on March 3, 1999. Morales had three years after the verdict to file a timely motion for a new trial based on newly discovered evidence. FED. R. CRIM. P. 33(b)(1). He did

not file the instant motion for a new trial until May 6, 2003, over three years after the jury verdict. Because Morales's motion was untimely, the dismissal of the motion for lack of jurisdiction is AFFIRMED. See United States v. Erwin, 277 F.3d 727, 731 (5th Cir. 2001); FED. R. CRIM. P. 45(b)(2) (district court may not extend time for taking any action under Rule 33 except as stated in that rule).

For the first time in his reply brief, Morales argues that: (1) the trial court erred in applying the amended version of Rule 33 and that this constitutes an ex post facto violation; (2) the trial court erred in interpreting Rule 33 to provide that the district court did not have jurisdiction to consider the motion if this court did not remand the case; and (3) Morales's due process rights were violated when the trial court dismissed his motion. This court will not consider issues raised for the first time in a reply brief. United States v. Brown, 305 F.3d 304, 307 n.4 (5th Cir. 2002).

AFFIRMED.