United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 12, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60661
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STARSKY DARNELL REDD,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:00-CR-165-1-BS
---------------------

Before BENAVIDES, DENNIS and OWEN, Circuit Judges.

PER CURIAM:[*]

A federal jury convicted Starsky Darnell Redd of attempting to possess with intent to distribute cocaine. Redd appealed his conviction, and it was affirmed. The case was remanded, however, for the district court to rule on Redd's motion for a new trial, which was based on newly discovered evidence. On remand, the district court denied Redd's motion, and Redd now appeals.

Redd argues that the district court erred in denying his motion for a new trial. That motion was based on the testimony of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Joe Reid, one of Redd's cellmates during pretrial detention. Reid's testimony corroborated Redd's statement that he had never made any jailhouse confession to the crime, and it impeached the testimony of two Government witnesses who had testified to the contrary. Although circumstantial, the case against Redd was a strong one even if the testimony of the cellmates is not taken into account. Accordingly, the district court did not abuse its discretion in denying Redd's motion as it is not probable that Reid's testimony would result in an acquittal at a new trial. See United States v. Erwin, 277 F.3d 727, 731 (5th Cir. 2001); United States v. Lowder, 148 F.3d 548, 551 (5th Cir. 1998); United States v. Freeman, 77 F.3d 812, 817 (5th Cir. 1996).

Redd also challenges his sentence for the first time in this appeal. By failing to raise any sentencing issues in his first appeal, however, Redd has waived those issues. See Brooks v. United States, 757 F.2d 734, 739 (5th Cir. 1985). Redd's argument that the waiver doctrine should not be applied because his sentencing arguments were previously foreclosed is unavailing. See Bousley v. United States, 523 U.S. 614, 622-23 (1998).

AFFIRMED.