# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 13, 2012

Lyle W. Cayce
Clerk

No. 11-50349
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BARRY YETT,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:95-CR-33-2

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Barry Yett, federal prisoner # 61167-080, pleaded guilty in 1995 to one count of possession of cocaine base with intent to distribute and one count of possession of a firearm by a felon. We vacated the initial denial of a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on amendments to the cocaine base guidelines. The district court reduced Yett's sentence to 324 months, within the career offender guidelines range of 262 to 327 months now applicable to Yett. In arriving at the reduction, the court employed the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

comparable reduction methodology set out at U.S.S.G. § 1B1.10(b)(2)(B) and Application Note 3.

Yett appealed, raising several issues, including a challenge to the use of the comparable reduction methodology. We concluded that the other issues were without merit but ordered a limited remand to the district court to clarify whether it believed it was bound by the comparable reduction methodology or merely chose to use it in the exercise of its discretion. *United States v. Yett*, No. 11-50349, 2012 WL 13764, at \*1-\*2 (5th Cir. Jan. 4, 2012).

On remand, the district court issued an order advising that it was aware that the sentence could be reduced further and that it exercised its discretion when employing the comparable reduction methodology to determine the appropriate sentence. The district court considered the 18 U.S.C. § 3553(a) factors and concluded that a reduction to 324 months, or 1% below the top of the amended range, was appropriate. The court did not abuse its discretion. *See United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009); *see also United States v. Cooley*, 590 F.3d 293, 298 (5th Cir. 2009) (holding that a district court was not compelled to grant a comparable reduction even when the defendant's original sentence was below the original range).

As we rejected Yett's other arguments on appeal in our prior opinion, we will not revisit those issues here. *See Kapche v. City of San Antonio*, 304 F.3d 493, 496 (5th Cir. 2002); *United States v. Erwin*, 277 F.3d 727, 733 (5th Cir. 2001). Thus, for the reasons set forth above and in our prior opinion, we affirm the judgment of the district court.

Yett has filed a motion asking that the record on appeal be supplemented with the transcript of the sentencing hearing. Yett contends that, in our prior opinion, we rejected some of his claims on the erroneous basis that he was subject to the career offender guidelines range rather than the lower cocaine base guidelines range. According to Yett, he has never been adjudged a career offender and had no prior opportunity or reason to object to that determination.

No. 11-50349

He argues that subjecting him to the career offender range now would deprive him of due process and his right to be present at sentencing. It appears that Yett believes that the sentencing transcript will support his argument that he was not determined to be a career offender.

Yett's argument is without merit. In the statement of reasons for the original sentence, the district court adopted the probation officer's findings and guidelines determinations, which included the career offender determination. The court thus implicitly found that Yett was a career offender. *See United States v. Fernandez*, 559 F.3d 303, 324 (5th Cir. 2009). He could have objected at the time to the career offender finding. In any event, Yett may not now challenge the original guidelines determinations. *See Dillon v. United States*, 130 S. Ct. 2683, 2693-94 (2010). His motion to supplement the record is denied.

AFFIRMED; MOTION DENIED.