**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 12-4278**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THOMAS NEIL PICKETT,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (7:04-cr-00047-F-1)

―――――――――

Submitted:  February 26, 2013           Decided:  March 5, 2013

―――――――――

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Seth A. Neyhart, STARK LAW GROUP, PLLC, Chapel Hill, North Carolina, for Appellant.   Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Neil Pickett appeals from the district court's order granting the government's unopposed motion for entry of an amended judgment. He contends that the district court erred by not holding a full resentencing hearing to revisit issues concerning the drug quantity attributable to him, his request for a downward departure, and the reasonableness of his sentence. We affirm the district court's order entering the amended judgment.

Pickett was convicted of possession of firearms by a felon, use of a firearm during and in relation to a drug trafficking crime, distribution of cocaine base, and conspiracy to distribute five or more grams of cocaine base. He was sentenced to a total of 352 months' imprisonment. Following the amendments to the crack cocaine Guidelines, Pickett filed a motion for, and was granted, a reduction in his sentence from 292 months to 235 months on the drug charges.

In September 2011, the district court for the Eastern District of Texas — where Pickett was serving his sentence — granted Pickett's motion pursuant to 28 U.S.C.A. § 2241 (West Supp. 2012), and vacated Pickett's conviction and sentence on the charge of using and carrying a firearm in relation to a drug trafficking offense. The Texas court transferred the case to the Eastern District of North Carolina "for appropriate action."

2

The district court, upon receiving the case from the Texas court, appointed counsel for Pickett and directed the parties to submit their positions as to whether the court should conduct a full resentencing. Pickett filed a pro se motion for modification of his sentence pursuant to the recent amendment to the crack cocaine Guidelines, and in that motion, requested that the court re-calculate his Guideline range, consider his post-sentencing rehabilitation, and conduct a full resentencing. In response to the court's order, the Government filed a unopposed motion for entry of an amended judgment. The motion notes that Pickett's attorney had no objection to the motion.

The district court denied Pickett's motion for modification of his sentence, noting that he had previously been granted a reduction of sentence based on the amendments to the crack cocaine Guidelines. The court also granted the Government's unopposed motion to enter an amended judgment. In the amended judgment, the district court noted that Pickett's conviction and sentence under Count 2 had been vacated by the Texas district court. The court also determined that Pickett's conviction under Count 1 was no longer valid due to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The court noted that the statutory maximum for Counts 3 and 4 was reduced to 240 months, resulting in Pickett's Guidelines range being

3

narrowed to 235-to-240 months. The court then ratified the 235-month sentence previously imposed.

Pickett appeals from the amended judgment, contending that the court should have conducted a full resentencing hearing. He also contends that the sentence imposed is unreasonable.

This court has held that a defendant need not be present when the court corrects a sentence by striking from the sentence those terms which are unlawful and re-entering the judgment with only the lawful terms from the original judgment. See United States v. Hadden, 475 F.3d 652, 667-68 (4th Cir. 2007) (citing United States v. Erwin, 277 F.3d 727, 730 (5th Cir. 2001)). Here, the district court did not alter the sentencing terms imposed at Pickett's original sentencing hearing. Rather, the court entered an amended judgment reflecting that the district court in Texas had vacated Pickett's conviction under Count 2, and also to reflect that Pickett's conviction and sentence for Count 1 were no longer valid due to this Court's decision in Simmons. Because the order entered by the district court was for the purpose of correcting the judgment, rather than imposing a new sentence, a sentencing hearing was not required under these circumstances. See Hadden, 475 F.3d at 667.

4

Pickett's remaining claims are foreclosed by the mandate rule, which bars relitigation of issues previously decided by the appellate court.  United States v. Bell, 5 F.3d 64, 66-67 (4th Cir. 1993); see Doe v. Chao, 511 F.3d 461, 465 (4th Cir. 2007) (mandate rule provides that "any issue that could have been but was not raised on appeal is waived and thus not remanded.") (internal quotation marks omitted).  Moreover, these claims were waived by Pickett's concurrence in the Government's unopposed motion for entry of an amended judgment, in which it was conceded that there would be "no jurisdictional impediment" to district court's entry of an amended judgment.

Accordingly, we affirm the amended judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED