**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4308**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

NATHANIEL LEE SMITH,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Alexander Williams, Jr., District Judge. (8:10-cr-00216-AW-1)

———————

Submitted: December 26, 2013     Decided: January 15, 2014

———————

Before DUNCAN, DAVIS, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

David W. Lease, SMITH, LEASE & GOLDSTEIN, LLC, Rockville, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Mara Z. Greenberg, Assistant United States Attorney, Molly E. Thebes, Special Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nathaniel Lee Smith appeals the district court's amended judgment sentencing him to seventy-eight months' imprisonment and recommending that he receive credit for time served for prior periods of incarceration.[*] On appeal, Smith argues that the district court violated Federal Rule of Criminal Procedure 43 by issuing the amended judgment without holding a hearing at which he was present. Finding no reversible error, we affirm.

A criminal defendant is entitled to be present at every stage of his trial, including sentencing and resentencing. Fed. R. Crim. P. 43(a)(3); see United States v. Salim, 690 F.3d 115, 122 (2d Cir. 2012). "A defendant's right to be present when the district court alters his sentence depends on the type of action the district court is taking." United States v. Patterson, 42 F.3d 246, 248 (5th Cir. 1994). "A defendant is entitled to be present when the district court is imposing a new sentence after the original sentence has been set aside; however, a defendant does not have a right to be present when his sentence is merely modified by the district court." United

---

[*] In the original judgment, the district court imposed a seventy-eight-month sentence of imprisonment but recommended that Smith receive credit for time served for a longer period of incarceration.

2

States v. Erwin, 277 F.3d 727, 731 (5th Cir. 2001); see United States v. Hadden, 475 F.3d 652, 667-68 (4th Cir. 2007); United States v. Arrous, 320 F.3d 355, 359 (2d Cir. 2003).

We conclude that, in this case, the district court did not conduct a resentencing. The Federal Bureau of Prisons ("FBOP"), as delegated by the Attorney General, has the sole authority to award credit for time served prior to sentencing. See 18 U.S.C. § 3585(b)(1) (2012); United States v. Wilson, 503 U.S. 329, 333-37 (1992). In the amended judgment, the district court here simply modified its recommendation to the FBOP regarding credit for time served and reimposed the remainder of the original judgment; the original judgment was not vacated or set aside. Thus, Smith was not entitled under Rule 43 to be present for imposition of the amended judgment.

Accordingly, we affirm the amended judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED