**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6267**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ARTHUR LEE WILLIAMS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   Henry E. Hudson, Senior District Judge.   (3:99-cr-00312-HEH-3; 3:16-cv-00281-HEH)

Submitted:  July 6, 2018                                        Decided:  July 11, 2018

Before WILKINSON, KING, and DIAZ, Circuit Judges.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

Arthur Lee Williams, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

We previously granted Arthur Lee Williams authorization to file a second 28 U.S.C. § 2255 (2012) motion. He now appeals from the district court's order granting his second § 2255 motion in part, correcting his sentence on his 18 U.S.C. § 922(g) conviction downwards from Life to 120 months in prison, and denying the remainder of his motion for lack of jurisdiction. We affirm Williams' corrected sentence and deny a certificate of appealability and dismiss his appeal from the denial in part of his § 2255 motion.

Williams first argues that the district court abused its discretion by not conducting a formal resentencing after granting him partial relief under § 2255. The district court determined that, even though Williams no longer qualified as an armed career criminal, his Sentencing Guidelines calculations were unaffected. In addition, although his life sentence on his § 922(g) conviction was no longer appropriate, he was still subject to a life sentence on certain other charges. Thus, the court reduced Williams' sentence on his § 922(g) conviction to the statutory maximum 120 months and left the remainder of his sentence intact.

The form of relief awarded by the district court in a successful § 2255 proceeding is reviewed for abuse of discretion. *United States v. Hadden,* 475 F.3d 652, 667 (4th Cir. 2007). The district court has broad and flexible power to fashion an appropriate remedy in granting relief on collateral review. *United States v. Hillary,* 106 F.3d 1170, 1171 (4th Cir. 1997). The district court is *authorized* to conduct a resentencing in awarding relief under § 2255; however, a resentencing hearing is not *required* in resolving every § 2255

2

motion. *Hadden*, 475 F.3d at 668. Pursuant to § 2255, the district court may remedy an unlawful sentence by one of the following: (1) the prisoner's release, (2) the grant of a future new trial to the prisoner, or (3) a new sentence, be it imposed by (a) a resentencing or (b) a corrected sentence. *Id.* at 667. "[T]he goal of § 2255 review is to place the defendant in exactly the *same* position he would have been had there been no error in the first instance." *Id.* at 665 (internal quotation marks omitted).

Here, the district court did not alter the sentencing terms imposed at Williams' original sentencing hearing. As properly calculated by the district court, Williams faced the same Guidelines range even without the armed career criminal enhancement. Thus, the sole harm to Williams, as identified by the district court, was the increase in the statutory maximum on the § 922(g) count. To "correct" this error, the district court reduced Williams' term of imprisonment on the § 922(g) count to the statutory maximum of 10 years. We find that a sentencing hearing was not required under these circumstances. *See Hadden,* 475 F.3d at 667 ("To 'correct' means to 'make or set right.' *Merriam Webster's Collegiate Dictionary* 280 (11th ed. 2004). This is precisely what the district court did here.").

In addition, Williams' argument that a resentencing hearing was required under the "sentencing package theory" is foreclosed by *Hadden.* "Under this theory, a sentence is not merely the sum of its parts; instead, because the district court crafts a sentence by considering all of the relevant factors as a whole, an appellate court that rejects one of the grounds on which the sentence is based unbundles the entire sentence package." *Id.* at 669. We have held that where "*the appellate court* vacates and remands a prisoner's

3

sentence because of a sentencing error, the district court may not simply re-enter the non-offending portions of the original sentence, but must conduct a new resentencing hearing to reformulate the entire sentence package." *Id.* (emphasis added). The district court, however, "has broad and flexible power under § 2255 to determine the nature and scope of the remedial proceedings in the first instance . . . and nothing in the sentence-package theory forbids the district courts from doing what the text of § 2255 clearly permits: 'correcting' a prisoner's unlawful sentence without conducting a formal 'resentencing.'" *Id.* (alterations and internal quotation marks omitted); *see United States v. Erwin,* 277 F.3d 727, 731 (5th Cir. 2001) (holding that "a downward correction of an illegal sentence does not constitute resentencing requiring the presence of a defendant"). Accordingly, we affirm the corrected criminal judgment.

Turning to the § 2255 claims that were denied, this portion of the order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

4

We have independently reviewed the record and conclude that Williams has not made the requisite showing. Accordingly, we grant Williams' motion to supplement his informal brief, deny a certificate of appealability, and dismiss this portion of the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART;*
*DISMISSED IN PART*