NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0237n.06

No. 15-6155

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 26, 2017
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| HUNTER ELLS, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: SUHRHEINRICH, WHITE, and STRANCH, Circuit Judges.

PER CURIAM. Hunter Ells appeals his sentence for methamphetamine conspiracy. As set forth below, we affirm.

A federal grand jury charged Ells and eleven others with various methamphetamine offenses. (RE 4, Indictment, Page ID ## 15-25; RE 133, First Superseding Indictment, Page ID ## 167-77). Ells subsequently pleaded guilty without a written plea agreement to conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. (RE 241, 5/6/15 Minute Entry; RE 430, 5/6/15 Change of Plea Tr., Page ID ## 997-98; 1010).

At sentencing, after hearing testimony from the case agent and Ells, the district court attributed to Ells 52.92 grams of pseudoephedrine[1] and three-quarters of an ounce of "ice,"[2]

---

[1] Pseudoephedrine is a key ingredient used in the manufacture of methamphetamine. *Legal Requirements for the Sale and Purchase of Drug Products Containing Pseudoephedrine,*

corresponding to a base offense level of 26. (Presentence Report ¶¶ 16, 23; RE 403, 9/25/15 Sentencing Tr., Page ID ## 859-60). Ells received a two-level increase for obstruction of justice for threatening a co-defendant and failing to appear for court. (Presentence Report ¶ 27; RE 403, 9/25/15 Sentencing Tr., Page ID # 845). *See* USSG § 3C1.1. Based on a total offense level of 28 and a criminal history category of IV, the district court calculated Ells's guidelines range as 110 to 137 months. (RE 403, 9/25/15 Sentencing Tr., Page ID ## 859-60). Considering the sentencing factors  in 18 U.S.C. § 3553(a), the district court varied downward from that range and sentenced Ells to 96 months of imprisonment. (*Id*. Page ID # 911; RE 390, Judgment, Page ID # 646).

Pursuant to Federal Rule of Criminal Procedure 35, Ells moved to correct his sentence, asserting that, in light of the district court's rulings at sentencing, he should have received a total of six criminal history points, placing him in criminal history category III. (RE 396, Def.'s Mot. Correct Sentence, Page ID ## 679-81). The government agreed. (RE 397, Government's Resp. Def.'s Rule 35 Mot., Page ID ## 682-83). The district court granted Ells's motion and recalculated his guidelines range as 97 to 121 months and resentenced him to 90 months of imprisonment. (RE 414, Am. Judgment, Page ID # 946; RE 431, 11/19/15 Sentencing Tr., Page ID ## 1025, 1033).

In this timely appeal, Ells contends that he is entitled to a mitigating-role reduction under USSG § 3B1.2. (Appellant Br. 9). We typically review the denial of a mitigating-role reduction for clear error. *United States v. Randolph*, 794 F.3d 602, 616 (6th Cir. 2015). But because Ells failed to request a mitigating role reduction, we review for plain error. *See United States v.*

*Ephedrine, and Phenylpropanolamine*, U.S. FOOD & DRUG ADMIN. (last updated Sept. 13, 2016), https://www.fda.gov/Drugs/DrugSafety/InformationbyDrugClass/ucm072423.htm.
[2] "Ice" refers to concentrated methamphetamine chunks that the user smokes. *Methamphetamine*, DRUG ENF'T ADMIN. (July 2013), https://www.deadiversion.usdoj.gov/drug_chem_info/meth.pdf.

*Miller*, 562 F. App'x 272, 305 (6th Cir. 2014); *United States v. Ellerbee*, 73 F.3d 105, 108 (6th Cir. 1996).

USSG § 3B1.2 "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." USSG § 3B1.2, comment. (n.3(A)) (2014). Section 3B1.2 authorizes a four-level reduction for a minimal participant, a two-level reduction for a minor participant, and a three-level reduction for a defendant whose role falls between minimal and minor.

Ells argues that he is entitled to a mitigating-role reduction in light of an amendment to USSG § 3B1.2's commentary, which became effective on November 1, 2015, between his two sentencing hearings. Amendment 794 left the text of § 3B1.2 unchanged but revised the commentary to clarify that courts should compare the defendant's culpability to the defendant's co-participants', not the typical offender of the alleged offense.[3] USSG App. C, Amend. 794, at 115-16 (Suppl. 2016). As this court has held, "clarifications of the [sentencing] guidelines have retroactive application while substantive changes do not." *United States v. Monus*, 356 F.3d 714, 718 (6th Cir. 2004). In *United States v. Carter*, an unpublished opinion, this court held that Amendment 794 applies retroactively because the Sentencing Commission characterized the amendment as a clarification, the amendment changed only the commentary, and the amendment addressed a circuit conflict regarding USSG § 3B1.2. 662 F. App'x 342, 349 (6th Cir. 2016). In *Carter*, this court remanded for resentencing because the district court did not have the benefit of the amended commentary to § 3B1.2 when it ruled on the defendant's request for a mitigating-

---

[3] The amendment sought to resolve a circuit conflict. Before the amendment, the Seventh and Ninth Circuits compared the defendant's culpability to the defendant's co-participants. The First and Second Circuits compared the defendant's culpability to co-participants' and the typical offender of the alleged conduct. USSG App. C, Amend. 794, at 115-16 (Suppl. 2016), http://www.ussc.gov/sites/default/files/pdf/guidelines-manual/2016/ APPENDIX_C Supplement. pdf.

role reduction. *Id.* Unlike the defendant in *Carter*, Ells did not request a mitigating-role reduction in his presentence filings or during his two sentencing hearings.

We find no error, much less plain error, even under the amended commentary to USSG § 3B1.2. Ells contends that he was less culpable than co-defendants Nathan Austin and Rickey Poole but fails to point to evidence of their relative participation in the methamphetamine conspiracy. Ells argues that his role in the conspiracy was limited to cooking and using methamphetamine; however, the record demonstrates that Ells was also a major distributor of methamphetamine. In executing a search warrant at Poole's house, law enforcement found indicia of drug distribution—digital scales and plastic bags—in Ells's locked bedroom. (Presentence Report ¶ 7; RE 403, 9/25/15 Sentencing Tr., Page ID # 720). According to the case agent's testimony, Poole told law enforcement that Ells bought "ice" in Memphis and then sold it in Tipton County. (RE 403, 9/25/15 Sentencing Tr., Page ID # 724). The case agent testified that a confidential source purchased "ice" from Ells and went with Ells to Memphis to purchase "ice" on thirty to forty occasions. (*Id.* Page ID # 723). GPS tracking records confirmed Ells's frequent trips to Memphis. (*Id.* Page ID # 727). Based on statements from Ells, Poole, and the confidential source, the case agent concluded that Ells was responsible for distributing more than 50 grams of methamphetamine. (*Id.* Page ID ## 727-28). As the government notes, out of a dozen people indicted, Ells was one of only five defendants who were charged with manufacturing or distributing more than 50 grams of methamphetamine. (RE 134, First Superseding Indictment (Penalty Copy), Page ID ## 178-88).

Ells has failed to show that he was substantially less culpable than the average participant in the methamphetamine conspiracy. "The defendant, as the proponent of the downward adjustment, bears the burden of proving a mitigating role in the offense by a preponderance of the evidence." *United States v. Salgado*, 250 F.3d 438, 458 (6th Cir. 2001). A defendant may

receive a mitigating-role reduction when the defendant is "substantially less culpable than the average participant." USSG § 3B1.2.

Here, the indictment charged twelve defendants. (RE 134, First Superseding Indictment (Penalty Copy)), Page ID ## 178-88). Ells argues two codefendants, Austin and Poole, were more culpable than he was. (Appellant Br. 14). As this court has held, the existence of higher-ranking conspirators does not entitle a defendant to a mitigating-role reduction. *United States v. Miller*, 56 F.3d 719, 720 (6th Cir. 1995). Even if it is true that Ells was less culpable than two co-participants, that does not establish Ells was "substantially less culpable than the average participant," of a twelve-person criminal conspiracy. USSG § 3B1.2. Because Ells cannot meet the "substantially less culpable" requirement, the district court did not err by declining to apply the reduction.

For these reasons, we **AFFIRM** Ells's sentence.