**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 19a0155n.06

**Case No. 18-5278**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Mar 29, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| GERALD JONES, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | O P I N I O N |

BEFORE:  COLE, Chief Judge; BOGGS and GIBBONS, Circuit Judges.

COLE, Chief Judge.  Gerald Jones appeals his sentence of 51 months of imprisonment for conspiracy to distribute oxycodone, arguing that it is procedurally unreasonable because the district court failed to apply a two-level reduction for the minor role he played in the conspiracy. Because the district court's decision declining to apply the two-level reduction was not clearly erroneous, we affirm.

**I. BACKGROUND**

In 2016, law-enforcement agents in Winchester, Kentucky began investigating Marcella Dunbar for drug distribution.  As part of the investigation, the police arranged for a cooperating witness to purchase oxycodone from Dunbar.  After the witness engaged in five transactions with Dunbar, Defendant-Appellant Gerald Jones entered the picture.  The witness arranged to meet with Dunbar on June 28, 2016, but Jones showed up in Dunbar's place to distribute the oxycodone.

Jones subsequently met the witness four times in July 2016 to deliver oxycodone and bring the money back to Dunbar. At least one of the four subsequent transactions was arranged by Dunbar. One was arranged by Jones, but only after Jones answered Dunbar's phone when the witness called.

Because Jones was homeless at this time, he slept on Dunbar's couch. On July 26, 2016, law enforcement obtained a search warrant for Dunbar's residence. Dunbar was arrested after he left the residence in a vehicle, apparently driving toward the location of a meeting that had been set up with the witness. While being trailed by the police, Dunbar called Jones to inform him of the situation. Police detained Jones when he left Dunbar's residence with a backpack containing 50 Xanax pills, 148 15-milligram oxycodone tablets, 1,550 30-milligram oxycodone tablets, and $4,620.

As a result, Jones was indicted in August 2017, and charged with seven counts alleging conspiracy to distribute oxycodone, distribution of oxycodone, and possession of oxycodone. Jones agreed to plead guilty to count one of the indictment, alleging conspiracy to distribute oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The government dismissed the remaining counts against him.

Prior to sentencing, the probation office prepared a pre-sentence investigation report ("PSR") recommending that, under the U.S. Sentencing Guidelines Manual (the "Guidelines"), Jones receive a sentence between 51 and 63 months of imprisonment. Significantly, the PSR did not recommend a reduction for Jones's role in the offense. Jones objected to the PSR, arguing that he should be awarded a two-level reduction for a mitigating role pursuant to U.S.S.G. § 3B1.2(b) because he was substantially less culpable than Dunbar. At sentencing, Jones reiterated his

objection, but the district court concluded that a minor-role reduction was not appropriate. The district court sentenced Jones to 51 months of imprisonment, and Jones now appeals his sentence.

## II. DISCUSSION

On appeal, Jones challenges the procedural reasonableness of his sentence. We review the reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41 (2007). A district court commits procedural error and abuses its discretion when it improperly calculates the Guidelines range. *United States v. Brinley*, 684 F.3d 629, 633 (6th Cir. 2012). Jones argues that the district court improperly calculated his Guidelines range by failing to apply a two-level reduction for a minor role under U.S.S.G. § 3B1.2. We review the denial of a mitigating-role reduction for clear error. *United States v. Lanham*, 617 F.3d 873, 888 (6th Cir. 2010). To be clearly erroneous, "a decision must strike us as more than just maybe or probably wrong; it must strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *United States v. Perry*, 908 F.2d 56, 58 (6th Cir. 1990) (citation and alteration omitted).

Section 3B1.2 of the Guidelines authorizes a district court to decrease a defendant's offense level by two levels "[i]f the defendant was a minor participant in any criminal activity." U.S.S.G. § 3B1.2(b). A "minor participant" is one who is "less culpable than most other participants in the criminal activity." U.S.S.G. § 3B1.2 cmt. n.5. To be considered eligible for a role reduction, a defendant must be "substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2 cmt. n.3(A). The relevant inquiry is whether a defendant is substantially less culpable than the co-participants in the crime he was charged with committing, not the average offender of a typical offense. *See United States v. Alston*, 899 F.3d 135, 149 (2d Cir. 2018) (explaining that amendment requires courts to determine "the defendant's relative culpability . . . only by reference to his or her co-participants *in the case at hand*.") (alteration and

emphasis in original) (citing U.S. Sentencing Guidelines Manual § 3B1.2, Amendment 794 (effective November 1, 2015)); *see also United States v. Ells*, 687 F. App'x 485, 486 n.1 (6th Cir. 2017), *as amended* (Apr. 28, 2017). As Dunbar is the only other participant in this conspiracy, Jones's culpability must be compared to his.

The determination of whether to apply a role reduction is "heavily dependent upon the facts of the particular case" and is based on "the totality of the circumstances." U.S.S.G. § 3B1.2 cmt. n.3(C). In making the determination, a district court should consider the following non-exhaustive list of factors:

> (i)    the degree to which the defendant understood the scope and structure of the criminal activity;
>
> (ii)    the degree to which the defendant participated in planning or organizing the criminal activity;
>
> (iii)    the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
>
> (iv)    the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; [and]
>
> (v)    the degree to which the defendant stood to benefit from the criminal activity.

*Id.*

The district court explicitly went through each of these factors at Jones's sentencing, and its decision declining to apply the role reduction was not clearly erroneous. The district court reasoned that while Dunbar was primarily responsible for planning and organizing and Jones did not exercise a substantial amount of decision-making authority, he did understand the scope and structure of the conspiracy, he "essentially [took] over the distribution activities," and he benefitted "from having a place to live." (Sentencing Tr., R. 93, PageID 457–58.) We agree with Jones that refuge from homelessness is not a benefit generally contemplated by the Guidelines. If anything,

homelessness could be a mitigating factor: for example, a judge could find that a defendant who is potentially manipulated into distributing drugs in exchange for a couch to sleep on is less culpable than a defendant who chooses a life of crime under no extenuating circumstances. However, on the record before us, we cannot say that the district court clearly erred in relying on other enumerated factors to find that the minor-role reduction should not be applied. *See, e.g.*, *United States v. Sturgill*, No. 17-5036, 2019 WL 355656, at *5 (6th Cir. Jan. 28, 2019) (finding no clear error in district court's determination that minor-role adjustment did not apply when defendant "often delivered oxycodone[,] . . . was romantically involved with the leader of the conspiracy, . . . and appeared to have clear knowledge of the scope and structure of the criminal activity") (quotations and alterations omitted).

Jones's arguments that the district court erred in its analysis of the nature and extent of his participation in the conspiracy are without merit. Jones argues that: (1) the factual record does not support a finding that he took over the distribution activities; and (2) the district court's reasoning is the kind of "vital role" reasoning that this court has rejected. Considering Jones's first argument, the record supports the district court's conclusion that Jones essentially took over the distribution activities once he became involved in the conspiracy. The plea agreement states that Jones "entered into an agreement with Dunbar to make oxycodone deliveries for Dunbar to purchasers." (Plea Agreement, R. 40, PageID 123.) And the facts show that Jones distributed oxycodone to the witness on five separate occasions with no indication that Dunbar made any distributions to the witness after Jones got involved.

As for Jones's second argument, he is correct that after the November 2015 Amendment to the Guidelines, courts can no longer deny a mitigating-role reduction solely on the basis that a defendant played a vital or indispensable role in the offense. *See* U.S.S.G. § 3B1.2 cmt. n.3(C)

("The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity."); *United States v. Ednie*, 707 F. App'x 366, 371 (6th Cir. 2017) ("With Amendment 794, the Commission made clear that courts—including some in our circuit—were incorrectly denying requests for a mitigating-role adjustment on the basis that the defendant played an indispensable role in the offense."). But "a court does not err by taking into account a defendant's integral role in an offense when deciding whether he is entitled to a § 3B1.2 adjustment, as long as his role is not the sole or determinative factor in its decision." *United States v. Bragg*, No. 18-1246, 2019 WL 449625, at *3 (6th Cir. Feb. 5, 2019) (quoting *United States v. Castro*, 843 F.3d 608, 612–13 (5th Cir. 2016)) (alterations omitted). Because Jones's role as the distributor in the oxycodone conspiracy was not the only factor the district court considered, it did not clearly err.

### III. CONCLUSION

The "application of a mitigating-role reduction . . . is a fact-based determination that requires careful balancing," *United States v. Nicholson*, 716 F. App'x 400, 422 (6th Cir. 2017), *cert. denied*, 138 S. Ct. 1337 (2018), and the district court engaged in careful balancing here. We AFFIRM.